296 So.2d 654 (1974)
Lawrence R. GIANNETTA, Appellant,
v.
STATE of Florida, Appellee.
No. 74-54.
District Court of Appeal of Florida, Second District.
June 26, 1974.
John M. Edman, Meros, Wells, Edman & Meros, St. Petersburg, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard G. Pippinger, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Judge.
The resident manager of a large apartment house complex, in the City of St. Petersburg, telephoned the Pinellas County Sheriff's Department advising that what appeared to be a marijuana plant was seen in one of the apartments in the complex. The observation was made by simply looking through a sliding glass door in the apartment involved. The plant was in plain view.
Two detectives and a uniformed deputy sheriff responded to the call. Upon their arrival they were led to a vacant apartment by the resident manager where, with the aid of binoculars and the naked eye, the officers saw the object and decided that it was a marijuana plant.
The officers promptly went to apartment #2, knocked on the door and, after making proper identification, were told to come in. The occupant (not involved in this case) was immediately placed under arrest for possession of marijuana. Approximately ten minutes thereafter the appellant, Lawrence R. Giannetta, entered the apartment. He was arrested and subsequently an information was filed against him charging violation of the Florida Drug Abuse Law, i.e., possession of marijuana paraphernalia.
At the arraignment hearing appellant pled not guilty. Thereafter, he filed a motion to suppress the evidence seized as a result of the search asserting that the officers had not secured a search warrant at the time they entered the apartment. The *655 record shows that the appellant was a colessee with the person previously arrested and referred to above. The trial judge, upon conclusion of the hearing, denied the appellant's motion to suppress.
After a short recess and after the attorney for appellant had a discussion with him, the court was advised that the appellant desired to change his plea of not guilty to nolo contendere. The trial judge accepted the latter plea and there is no dispute that the appellant fully understood the legal consequences incident to such a plea. Further, the trial judge, as shown by the colloquy had between the judge and the appellant, took all reasonable precaution to insure that the plea was understandingly and knowingly entered by appellant.
Appellant, in entering the plea of nolo contendere, clearly reserved the right to appeal the trial court's ruling denying his motion to suppress.
Adjudication of guilt was withheld pending presentence investigation. Appellant then filed a motion for reconsideration of the motion to suppress. After hearing the trial court denied this motion. This timely appeal followed.
Appellant contends here that the trial court erred in denying his motion to suppress and motion for reconsideration of the motion to suppress in that, from the evidence, it cannot be established that the appellant had knowledge of or control over the contraband. Appellant further contends the trial court erred in ruling that the warrantless search was legal and valid under the factual circumstances involved.
A plea of nolo contendere admits all the facts which are well pleaded and waives all formal defects in the proceeding of which the accused could have availed himself by a plea of not guilty or motion to quash. .. . (Chesebrough v. State, Fla. 1971, 255 So.2d 675, 677).
An accused can enter a conditional plea of nolo contendere. Ashby v. State, Fla.App.2nd, 1969, 228 So.2d 400, reversed on other grounds, State v. Ashby, Fla. 1971, 245 So.2d 225. Such a plea has the effect of waiving nonjurisdictional defects, other than those specifically reserved in the plea. Accordingly, the appellant here is precluded by this plea from questioning whether the state could have established his knowledge of or ability to maintain control over the contraband. His plea acknowledges that the state could prove the necessary elements of the crime charged, i.e., a prima facie case.
The trial judge, before accepting the appellant's plea of nolo contendere, advised him as follows:
THE COURT: Do you understand by entering a plea of no contest, or nolo contendere, coupled with a stipulation or agreement that the State could provide a prima facie case against you, that this Court will find you guilty?
THE DEFENDANT: Yes, sir.
On the question raised by appellant concerning the search warrant, the trial judge found that the officers did have probable cause to believe the plant was marijuana, and, consequently, reason to believe that a felony was being committed at that time. He further found that the officers were invited into the apartment and that under the facts of this case were justified in making an arrest without obtaining a search warrant. The searches and seizures denounced by the Fourth Amendment to the United States Constitution and by the Declaration of Rights of the Florida Constitution are "unreasonable" searches and seizures. Not all searches without a warrant are unreasonable.
In State v. Parnell, Fla. 1969, 221 So.2d 129, our supreme court held:
... It is well settled that when an officer, while engaged in performing his lawful duties, observes contraband items ... such goods may be seized without a search warrant and are admissible in evidence... .
*656 We have read the cases cited by the assistant public defender in his brief, but, in deference, conclude that the law of those cases is not applicable to the factual situation involved in the case sub judice.
The law is clear that the plea of nolo contendere entered by the appellant in this case reserved for our consideration one point  the propriety of the ruling of the trial judge in the denial of the motion to suppress.
Accordingly, in the light of the law, as applied to the factual circumstances involved in this case, we conclude that the order of the trial judge denying the motion to suppress should be
Affirmed.
McNULTY, Acting C.J., and GRIMES, J., concur.