BOARDMAN, Acting Chief Judge.
On March 1, 1974, two informations were filed against appellant. The first information charged appellant with felony possession of marijuana and the second charged appellant with possession of narcotics paraphernalia, to wit: two pipes. On April 22, 1974, appellant filed a motion to suppress which was subsequently heard on May 1, 1974. After hearing, the trial judge found that the officers had knocked on the door; identified themselves, and appellant voluntarily opened the door; and, either the arresting officers entered appellant’s abode prior to seeing the marijuana on the bed while standing at the rear door talking to appellant. At that point appellant was arrested. Accordingly, the motion to suppress \vas denied. Thereafter, appellant withdrew his not guilty plea and entered a plea of nolo contendere, preserving the right to appeal the issues raised in the motion to suppress. On August 12, 1974, appellant was adjudged guilty and sentenced to two concurrent terms of imprisonment for not less than six months nor more than eighteen months with credit for time served. Appellant brings this timely appeal.
Appellant has raised two points on this appeal. The first point is whether the officers conducted a warrantless search. The trial court found that the evidence sought to be suppressed was seized subsequent to its observance in plain view. After a reading of the complete record, we agree. Appellant contends that the officers had three days in which to secure a search warrant. Even if so, we find that to be of little significance under the factual circumstances of this instant case.
The officers had reasonable suspicion to approach appellant’s trailer and ask for consent to search based upon their prior observation of frequent visitors to the trailer and the smell of marijuana smoke emanating from the trailer on those occasions. The officers had a legal right to be there and their actual observance through an open door of marijuana on appellant’s bed does not constitute an illegal search under the plain view doctrine. See rationale of State v. Perez, Fla.1973, 277 So.2d 778.
*507 Appellant’s second point attacks the two concurrent sentences and he contends the alleged offenses arose out of the same transaction. From the record before us we are unable to ascertain that the marijuana and the paraphernalia, i. e., the pipes, are a facet of the same transaction. For this reason, we find appellant’s contention is not well placed.
Accordingly, the judgments and sentences are
Affirmed.'
GRIMES and SCHEB, JJ., concur.