360 So.2d 137 (1978)
John Henry MORSMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 76-1543.
District Court of Appeal of Florida, Second District.
June 28, 1978.
*138 Jack O. Johnson, Public Defender, Lawrence D. Shearer, Douglas Brinkmeyer, Asst. Public Defenders, Bartow, and Carole Grayson, Legal Intern, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Chief Judge.
Appellant/defendant John Henry Morsman was charged with felonious possession of marijuana. He pled nolo contendere, reserving his right to appeal the denial of his motion to suppress the marijuana plants which were the basis of the charge. The trial court withheld adjudication and placed appellant on one-year probation, and fined him $200.
The facts developed at the hearing on the motion to suppress and not disputed by either appellant or the state demonstrate that the contraband at issue was seized from the back yard of appellant's residence by a sheriff's officer without a warrant. Officer Skeens had gone to the residence to investigate a report originating from a statement made by one of appellant's neighbors to a second neighbor that there were marijuana plants growing in appellant's back yard. Skeens had become aware of the matter after the second neighbor lodged a complaint with another deputy at the sheriff's department. When no one answered Skeen's knock at appellant's front door he walked around to the back of the dwelling and saw plants which he recognized as marijuana.[1] He proceeded further around the residence and observed additional marijuana plants. Skeens then seized the contraband. Although the record does not clearly reflect where the plants were located or at what point in the officer's circuit of the dwelling he initially observed them, it does appear that they could not be seen from appellant's front yard or from the street. It also appears from the record that the yard was not enclosed. There is no evidence in the record which explains how the first neighbor became aware of the plants, for example, whether he could easily and clearly see them from his property and identify the plants as marijuana from that distance, whether he had to employ extraordinary measures to see and identify the plants only from a point on appellant's property.
The threshold question presented in this case is whether the fourth amendment proscription against an unreasonable search and seizure is applicable to evidence located in the yard surrounding a residential dwelling. Subsequent to Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), the standard by which the applicability of the fourth amendment is determined is whether the evidence at issue was seized from a zone clothed by a reasonable expectation of privacy into which the government could not reasonably intrude to conduct a search or seizure. See, e.g., State v. Belcher, 317 So.2d 842 (Fla. 2d DCA 1975).
In the case before us appellant asserts an expectation of privacy as to the area adjacent to the rear of his residence, and the state has not persuaded us otherwise by its argument that an unenclosed yard is not a subject of fourth amendment protection. The state would argue that the fourth amendment does not protect activities conducted *139 in an area which can be observed from outside the boundaries of his premises. In other words, that any expectation of privacy as to activities in plain view is unreasonable, and therefore the fourth amendment is inapplicable to a seizure of evidence located in an unenclosed space. We agree with the analysis of this point made in State v. O'Herron, 153 N.J. Super. 570, 380 A.2d 728, 733 (N.J.Super.App.Div. 1977):
This contention, if adopted, would necessarily overrule the principle summarized in Coolidge [Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564] that "plain view alone is never enough to justify the warrantless seizure of evidence"; for if "reasonable expectation of privacy" dissipates upon "plain view," then every warrantless intrusion following a "plain view" observation is lawful.[2]
Typically, the yard adjacent to a residential dwelling, particularly the part of the back yard blocked from view from the front yard or street by the dwelling, is clothed with a reasonable expectation of privacy from unreasonable governmental intrusion.[3]See, e.g., Fixel v. Wainwright, 492 F.2d 480 (5th Cir.1974); accord, Olivera v. State, 315 So.2d 487 (Fla.2d DCA 1975). While we believe this to be the general rule, because the test is necessarily subjective it would not necessarily always be true. For example, a back yard which is used for commercial purposes and subjected to a constant stream of visitors or customers, even if surrounded by a high, opaque enclosure, would not satisfy the standard of privacy. The state has not shown us any facts peculiar to this case which would dispel appellant's expectation of privacy.[4]
The next question confronting us is whether the facts of this case fit in one of the well-defined exceptions of the warrant requirement of the fourth amendment. The state argues that the contraband was in plain view, hence a warrant was unnecessary. The burden of proof is on the state to demonstrate that all the elements of the plain-view exception are present, including exigent circumstances.

*140 The limits on the doctrine are implicit in the statement of its rationale. The first of these is that plain view alone is never enough to justify the warrantless seizure of evidence. This is simply a corollary of the familiar principle discussed above, that no amount of probable cause can justify a warrantless search or seizure absent "exigent circumstances." Incontrovertible testimony of the senses that an incriminating object is on premises belonging to a criminal suspect may establish the fullest possible measure of probable cause. But even where the object is contraband, this Court has repeatedly stated and enforced the basic rule that the police may not enter and make a warrantless seizure.
Coolidge v. New Hampshire, 403 U.S. 443, 468, 91 S.Ct. 2022, 2039, 29 L.Ed.2d 564, 584 (1971); see also Hornblower v. State, 351 So.2d 716 (Fla. 1977).[5] We can discern no exigent circumstances to justify a warrantless seizure of a marijuana plant growing in the back yard of a residence where there is no indication that the contraband is subject to immediate destruction or removal.[6]See O'Herron, supra.
Accordingly, we reverse the final judgment and remand for proceedings consistent with this opinion.
REVERSED and REMANDED.
OTT and RYDER, JJ., concur.
NOTES
[1] The assistant state attorney stated at the hearing that Skeens went to the back of the house to see if anyone was there but he did not state that the officer was acting on or had any indication that there were persons in the residence or on the premises.
[2] Other jurisdictions have implicitly if not explicitly agreed with this analysis where they have held that an expectation of privacy may be unreasonable as to an otherwise lawful visual search, yet reasonable as to a seizure.

When an officer inadvertently observes evidence of a crime from a vantage point that does not intrude upon a protected area or when that protected area is entered with prior justification, there is no violation of the search warrant rule because there has been no "search." ... This does not, however, mean that the officer may, without more, seize the evidence. If the evidence is itself within a protected area, the officer may not enter that area to effect the seizure without first obtaining a warrant, absent exigent circumstances or another exception to the warrant requirement.
State v. Parker, 355 So.2d 900, 904 (La. 1978) (observation of contraband in a lawfully parked van from outside the van not an intrusion and thereby not an unconstitutional search but absent exigent circumstances seizure of the contraband was unconstitutional.) See also United States v. Coplen, 541 F.2d 211 (9th Cir.1976) (observation from outside an airplane, which did not constitute a search, would have established probable cause to secure a warrant and warrantless seizure upheld based on exigent circumstances provided by the mobility of the airplane); Fixel v. Wainwright, 492 F.2d 480 (5th Cir.1974) (observation made without physical encroachment on constitutionally protected area cannot justify search of defendant's premises and seizure of evidence subsequently found); State v. Lewis, Mont., 565 P.2d 642 (1977) (warrantless seizure of evidence in plain view is invalid absent exigent circumstances, although police observed evidence from place where he had a legal right to be and the discovery was inadvertent); State v. O'Herron, 153 N.J. Super. 570, 380 A.2d 728 (N.J. Super. App.Div. 1977) (contraband seen and identified from point off defendant's property is not a fourth amendment search but seizure based on observation is unconstitutional even though observation established probable cause for a warrant).
[3] People v. Bradley, 1 Cal.3d 80, 81 Cal. Rptr. 457, 460 P.2d 129 (1969) appears on first glance to be on all fours with the case before us. However, the evidence seized in Bradley was located in the front of defendant's residence which was open to the view and accessible to any passerby.
[4] In its brief the state relies on facts which may be true but are not included in the record which if we could accept them may have affected our decision.
[5] too often, lawyers and courts alike attribute greater importance to the "plain view" doctrine than it deserves: it is easy to call it an "exception," but it is not an exception to the requirement that a search or seizure must be supported by a warrant issued by a magistrate upon a finding of probable cause. Plain view serves to provide a means of securing probable cause, and, absent the applicability of one of the true exceptions to the warrant requirement, nothing more.
State v. Parker, supra, at 903.
[6] At the hearing on the motion to suppress, the state did not even argue that exigent circumstances were existent.