361 So.2d 822 (1978)
William M. RICKARD, Appellant,
v.
STATE of Florida, Appellee.
No. 78-578.
District Court of Appeal of Florida, Second District.
August 11, 1978.
Jack O. Johnson, Public Defender, and James R. Wulchak, Asst. Public Defender, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Chief Judge.
This case involves an appeal from the denial of a motion to suppress which was reserved at the time of a nolo contendere plea to charges of manufacture and possession of more than five grams of marijuana.
Appellant's neighbor, Martin, advised Detective Fitzgerald that appellant was growing some plants in his back yard which he believed to be marijuana. The plants could *823 not be observed from Martin's house because of a storage shed and plywood partition between Martin's property and the point where the plants were located. Appellant's back yard was enclosed with a chain link fence, but there was no other impediment to a view of the plants. When Fitzgerald arrived Martin took him to a citrus grove on the other side of appellant's house for a clear view of his back yard. From a vantage point about 50 feet away, Fitzgerald observed several plants which from his experience he knew to be marijuana.
The next morning Fitzgerald returned to the grove and watched the plants for a period of time with the hope of observing appellant in the act of watering the plants. When appellant did not appear, Fitzgerald went to appellant's home and told appellant that he was under arrest. Appellant requested that he be allowed to retrieve some money from some trousers lying on the floor. As appellant reached into the pocket, Detective Page, who had accompanied Fitzgerald, became concerned that there might be a weapon in the pocket. He put his hand in the pocket and pulled out a small baggie of marijuana. The detectives then went on to seize the plants in the back yard.
There was nothing wrong with Detective Fitzgerald having viewed the marijuana plants from the adjacent grove. State v. Ashby, 245 So.2d 225 (Fla. 1971). Since he was acting within the scope of his duties we doubt if it could be said that he was trespassing, but even if he was this would be irrelevant. State v. Belcher, 317 So.2d 842 (Fla. 2d DCA 1975); Cobb v. State, 213 So.2d 492 (Fla. 2d DCA 1968); Boim v. State, 194 So.2d 313 (Fla. 3d DCA 1967); Phillips v. State, 177 So.2d 243 (Fla. 1st DCA 1966); see Giacona v. United States, 257 F.2d 450 (5th Cir.1958); People v. Superior Court for County of Los Angeles, 37 Cal. App.3d 836, 112 Cal. Rptr. 764 (Cal. App.2d 1974). Thus, Detective Fitzgerald's view of the marijuana plants, coupled with Martin's report, gave the officers probable cause to arrest the defendant. Section 901.15, Florida Statutes (1975). It was in the course of this legal arrest that the baggie of marijuana was discovered in the trousers' pocket. The seizure of the baggie can be upheld as an appropriate search incident to the arrest. Dixon v. State, 343 So.2d 1345 (Fla. 2d DCA 1977).
The seizure of the marijuana plants may stand on a different footing. Under the rationale of our recent decision in Morsman v. State, 360 So.2d 137 (Fla. 2d DCA, filed June 28, 1978), since there were no exigent circumstances, the police were not entitled to go upon the appellant's premises to seize the marijuana plants without a search warrant. The problem facing this panel is that we have some qualms over certain statements in the Morsman opinion, and our attention has been directed to several Florida cases which appear to conflict with Morsman.
In the first place, Morsman seems to say that the defendant had an expectation of privacy in something which was in plain view in his back yard. It may be that under any view the decision was technically sound because the state failed to show that the marijuana was actually seen in plain view by the officer when he was not on appellant's property. Nonetheless, we have serious reservations about the proposition that a person has an expectation of privacy in contraband in plain view in a back yard protected only by a chain link fence.
Furthermore, we now believe that the holding that a plain view seizure cannot be made without a warrant in the absence of exigent circumstances conflicts with several recent Florida cases. For example, in Hornblower v. State, 351 So.2d 716 (Fla. 1977), our supreme court said at page 718:
Excluding the consent and plain view situations, which remove the need for a warrant, every "exception" to the warrant requirement derives from an emergency situation, where to obtain a search warrant would defer police activity that must be performed punctually to be effective... .
At the end of this sentence the reader is referred to a footnote which read as follows:

*824 The "Plain View" doctrine has frequently been considered an exception to the warrant requirement. In reality, materials that are seized because they are in plain view of an officer who observes from a location where he has a legal right to be are not subject to Fourth Amendment protection because their exposure implies that the possessor has no expectation of privacy regarding those articles. Similarly, one who consents to a warrantless search relinquishes any expectation of privacy which he might have as to the articles being searched.
The facts of Lightfoot v. State, 356 So.2d 331 (Fla. 4th DCA 1978), were practically identical to those in the instant case. The defendant's next door neighbor saw what he suspected to be marijuana plants in the defendant's back yard. An officer came to her home from where he could see the plants and from his experience he believed them to be marijuana. The yards were separated by a chain link fence. The officer knocked at the defendant's residence, and when no one answered he walked around to the back yard and seized the plants. The seizure was upheld in spite of the fact that the officer had no warrant. Speaking for the court, Judge Alderman said:
In the present case the defendant kept marijuana plants in open view in his backyard. These plants were clearly visible to anyone who might have occasion to be in his neighbor's yard. Their exposure implies that the defendant had no expectation of privacy regarding these plants. Officer McDaniel had the legal right to be in the neighbor's yard and to look across the fence and see what there was for him to see. Having observed the marijuana plants, and having been informed by the neighbor that the defendant was the one that lived in the house and took care of the plants, the officer had probable cause to believe that the defendant was committing a felony. Consequently the officer had the right to arrest the defendant without a warrant. Section 901.15, Florida Statutes (1975). The fact that the defendant was not at home when the officers went to his house did not prevent the officers from seizing without a warrant the marijuana plants that were in the backyard. The plants were contraband and were initially observed in plain view by Officer McDaniel from a location where he had a legal right to be. There was no search and no unreasonable governmental intrusion on the defendant's privacy. The plants, under the circumstances of this case, are not subject to Fourth Amendment protection. The trial court properly denied the defendant's motion to suppress. Lightfoot v. State, supra, at 334.
Finally, we refer to our own decision in Giannetta v. State, 296 So.2d 654 (Fla. 2d DCA 1974). There the resident manager of an apartment complex saw what appeared to be a marijuana plant in the defendant's apartment through a sliding glass door. He called the police and led them to a vacant apartment from which they could see the marijuana plant in plain view. The police then went to the apartment and seized the marijuana. This court affirmed the denial of a motion to suppress.
We concede that there is substantial support for the views expressed in Morsman in jurisdictions outside the State of Florida. E.g., Fixel v. Wainwright, 492 F.2d 480 (5th Cir.1974); State v. O'Herron, 153 N.J. Super. 570, 380 A.2d 728 (1977); see plurality view of U.S. Supreme Court in Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), as quoted in Morsman. Some of the cases make a distinction based upon whether the officers' original plain view was predicated upon an intentional intrusion into a constitutionally protected area. See Brown v. State, 292 A.2d 762 (Md. Ct. Spec. App. 1972). Nevertheless, it appears that Morsman stands alone among Florida decisions. In deference to stare decisis, we have elected to follow Morsman and quash the seizure of the marijuana plants. However, in view of the confusion and because of the frequency with which this issue is likely to arise, we hereby certify to the Supreme Court as *825 being of great public interest the following question:
WHERE CONTRABAND IS SEEN IN PLAIN VIEW BY POLICE IN THE DEFENDANT'S BACK YARD FROM A POINT ADJACENT TO THE PROPERTY, MAY THE POLICE SEIZE THE CONTRABAND WITHOUT A WARRANT IN THE ABSENCE OF EXIGENT CIRCUMSTANCES?
The order denying suppression with respect to the marijuana plants is reversed. In all other respects it is affirmed. Obviously, the charge of manufacturing marijuana cannot stand, and since we cannot tell whether the marijuana in the baggie exceeded five grams, the entire judgment must be reversed and the case remanded for further proceedings.
HOBSON and RYDER, JJ., concur.