OTT, Judge.
A police officer spotted marijuana growing on the upper balcony of appellant’s apartment. He obtained a warrant and searched the apartment. We affirm the order denying appellant’s motion to suppress, but feel the point involved warrants discussion.
Appellant’s attack on the search was addressed to the sufficiency of the affidavit upon which the warrant issued. The affidavit failed to affirmatively allege where the officer was standing when he first spotted the marijuana on appellant’s balcony. Appellant claims this is a fatal deficiency; that the affidavit is required to establish that the officer was in a place where he had a right to be when he first viewed the contraband.
It is true that information gained by viewing something that was in plain sight cannot be used for any purpose if, in order to see it, the viewer unjustifiably violated the right to privacy of the person in control of the premises. Morsman v. State, 360 So.2d 137 (Fla. 2d DCA 1978); State v. Coryell, 247 So.2d 87 (Fla. 2d DCA 1971).
At the hearing on her motion to suppress appellant could quite properly inquire into the location of the officer when he first discovered the marijuana. In addition, appellant was free to put on evidence that would at least raise the issue of an unconstitutional discovery. If it were thus established that the officer had no right to be in that location, the court would have been obliged to suppress any evidence seized in the search of appellant’s apartment. There would be no probable cause for the issuance of the search warrant, or to put it more aptly, the evidence would have revealed that the apparent probable cause for issuance of the warrant was not legally supportable. That is the accepted procedure for going behind the face of an apparently *1153 sufficient affidavit and disclosing its actual inadequacies. See State v. Jacobs, 320 So.2d 45 (Fla. 2d DCA 1975); State v. Knapp, 294 So.2d 338 (Fla. 2d DCA 1974).
Here, however, appellant relied solely on the failure of the affidavit to affirmatively allege a constitutional view. We find no requirement in Section 933.04, Florida Statutes, or in the cases construing it, that an affidavit for a search warrant must negate every possible attack upon it. We do find several cases upholding the sufficiency of affidavits which do not contain such information, although in no such case does the precise point appear to have been raised. But see, United States v. Burke, 517 F.2d 377 (2d Cir. 1975); Rowe v. State, 355 So.2d 826 (Fla. 1st DCA 1978); Churney v. State, 348 So.2d 395 (Fla. 3d DCA 1977); State v. Compton, 301 So.2d 810 (Fla. 2d DCA 1974).
The order denying the motion to suppress is affirmed together with the judgment and sentence.
GRIMES, C. J., and SCHEB, J., concur.