378 So.2d 72 (1979)
The STATE of Florida, Appellant,
v.
Arnold ADAMS and Linda Harris, Appellees.
No. 78-2138.
District Court of Appeal of Florida, Third District.
December 18, 1979.
*73 Janet Reno, State's Atty. and Theda R. James, Asst. State's Atty., for appellant.
Bennett H. Brummer, Public Defender and Robert R. Schrank, Asst. Public Defender, for appellees.
Before HENDRY and SCHWARTZ, JJ., and CHAPPELL, BILL G., Associate Judge.
SCHWARTZ, Judge.
The state appeals from the following order suppressing evidence:
1. That this Court specifically finds that the Defendants, ARNOLD ADAMS and LINDA HARRIS, were arrested on June 12, 1978, and charged with violation of Statute 893.12(1)(e), possession of marijuana. Acting upon the information supplied by an informant, Miami Police Officers Allagood and Cox proceeded to a rooming house where the Defendants were said to be residing and in possession of marijuana. Upon arrival, Officer Allagood went to the Defendants' apartment, but since he could not see through the window, which was above his eye level Officer Allagood stepped up onto the porch, stood on a chair, and peered in, observing the Defendants sitting in a room which contained marijuana. The Officers did testify at the deposition that the arrest area was `secured' before the Officers entered the apartment, and that there was no back door to the apartment and further, that the Officers could have detained any person leaving the apartment prior to arrest. The Officers knocked at the door whereupon the door was opened and the Officers observed marijuana,[[1]] at which time they entered the Defendants' dwelling, arrested the Defendants and seized the contraband. The Officers at no time attempted to procure a search warrant.

*74 2. This Court specifically holds that the contraband seized was not in `plain view'. Furthermore, the Defendants entertained a reasonable expectation of privacy that Police Officers would not enter their porch area, climb up on a piece of furniture and look down from a window into their apartment. Hornblower v. State, 351 So.2d 716 (Fla. 1977); Olivera v. State, 315 So.2d 487 (2 DCA 1975).
3. That furthermore, this Court specifically holds that there were no exigent circumstances demonstrated which would otherwise obviate the constitutional requirement that the Officers first procure a search warrant. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); Hornblower v. State, supra.
That the Court therefore, based upon the above authorities cited herein, suppresses the marijuana illegally seized by the Police from the Defendants' rooming house on June 12, 1978.
In this order, the trial court ably and correctly resolved the issues in controversy. Its treatment of the applicable law is supported, in addition to the authorities cited, by the comprehensive opinion in Morsman v. State, 360 So.2d 137 (Fla.2d DCA 1978). See also Hunter v. State, 375 So.2d 1152 (Fla.2d DCA 1979); State v. Oliver, 368 So.2d 1331, 1335 (Fla.3d DCA 1979); cf. State of Texas v. Gonzales, 388 F.2d 145 (5th Cir.1968); Brock v. United States, 223 F.2d 681, 685 (5th Cir.1955).
On the basis therefore of the findings and reasoning contained in the order under review, it is
Affirmed.
NOTES
[1] In this court, the state, citing Menendez v. State, 368 So.2d 1278 (Fla. 1979); State v. Ashby, 245 So.2d 225 (Fla. 1971); Winchell v. State, 362 So.2d 992 (Fla.3d DCA 1978), cert. denied. 370 So.2d 462 (Fla. 1979); and Dacus v. State, 307 So.2d 505 (Fla.2d DCA 1975); argues that the search and seizure should be upheld on the ground that the marijuana was in "plain sight" when the defendants opened their door to the officers.

This contention was not presented to the trial court at the hearing on the motion to suppress, which was concerned only with the issue of whether the officer's standing on the chair in order to peer into the defendants' home was constitutionally permissible. Thus, it may not be considered for the first time on appeal. Silver v. State, 188 So.2d 300 (Fla. 1966); State v. Giardino, 363 So.2d 201 (Fla.3d DCA 1978).
Even were the issue properly before us, the record reveals that the police knocked on the door only after and because the officer had seen the cannabis from his perch on the chair. Thus, the sighting through the open door was a direct product and exploitation of the illegal window view. Any evidence seized as a result was required, therefore, to be suppressed as "fruit of the poisonous tree." Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).