**Larry Darnell JOHNSON, Petitioner,**

v.

**Louie L. WAINWRIGHT, Respondent.**

No. 82–5583
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

April 11, 1983.

Michael Tarre, Miami, Fla., for petitioner.

Jim Smith, Atty. Gen., Tallahassee, Fla., Theda James, Asst. Atty. Gen., Miami, Fla., for respondent.

Before RONEY, VANCE and ANDERSON, Circuit Judges.

PER CURIAM:

In 1976 Johnson was convicted of attempted murder and robbery. At trial he attempted to suppress his in-court identification by the victim of the crimes as tainted by an impermissibly suggestive pretrial photographic identification procedure. His primary concern was that the twelve picture photographic array used by the police included two pictures of him and only one each of the other ten individuals. His conviction was affirmed by the appellate court and his petition for certiorari was denied by the state supreme court.[1]

In 1979 Johnson, acting pro se, petitioned the United States District Court for a writ of habeas corpus alleging that the use of the improper photographic lineup and failure to suppress the tainted courtroom identification violated his due process rights. *See Simmons v. United States*, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968); *Branch v. Estelle*, 631 F.2d 1229, 1234 n. 5 (5th Cir.1980). The district court considered the merits of Johnson's petition and found the in-court identification to be reliable under the totality of the circumstances. *See Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). The district court, therefore, dismissed the petition. Johnson failed to appeal the dismissal.

1. *Johnson v. State*, 352 So.2d 549 (Fla.Dist.Ct. App.1977), *cert. denied*, 366 So.2d 882 (Fla. 1978).

In 1981, with assistance of counsel, Johnson again petitioned a federal district court for a writ of habeas corpus alleging the same ground for relief as before. The district court dismissed Johnson's second petition as a successive petition under rule 9(b) of the rules governing section 2254 cases. 28 U.S.C. § 2254 rule 9(b). The court held that the issue had been previously determined and Johnson had failed to meet his burden of showing that the ends of justice would be served by a redetermination. *Sanders v. United States,* 373 U.S. 1, 17, 83 S.Ct. 1068, 1078, 10 L.Ed.2d 148 (1963); *Sinclair v. Blackburn,* 599 F.2d 673, 675 (5th Cir.1979), *cert. denied,* 444 U.S. 1023, 100 S.Ct. 684, 62 L.Ed.2d 656 (1980); 28 U.S.C. § 2244; 28 U.S.C. § 2254 rule 9(b).[2] Johnson appeals the dismissal arguing that the district court abused its discretion by failing to invoke the "ends of justice" exception to the finality doctrine which otherwise would allow the court to give controlling weight to the previous determination. We find no abuse and affirm.

■■■ Although the doctrine of res judicata is not applicable to habeas corpus relief, *Bass v. Wainwright,* 675 F.2d 1204, 1206 (11th Cir.1982), the finality doctrine permits but does not compel a judge to decline to entertain successive habeas corpus applications when "the ground asserted was previously heard and decided." *Sanders,* 373 U.S. at 12, 83 S.Ct. at 1075. Even if the same ground was previously rejected on the merits, "it is open to the applicant to show that the ends of justice would be served by permitting the redetermination of the ground." *Id.* at 16, 83 S.Ct. at 1078. *Sanders* provides two examples of ends of justice exceptions. Where factual issues are involved the applicant can gain a redetermination by "showing that the evidentiary hearing on the prior application was not full and fair." *Id.* at 16–17, 83 S.Ct. at 1078. Where questions of law are involved "the applicant may be entitled to a new hearing upon showing an intervening

change in the law or some other justification for having failed to raise a crucial point or argument in the prior application." *Id.* at 17, 83 S.Ct. at 1078. The *Sanders* Court went on to stress that the list was not intended to be exhaustive since the " 'ends of justice' test" cannot be "too finely particularized" and that the burden is on the applicant to show that the "ends of justice would be served by a redetermination of the ground." *Id.* The ninth and eleventh circuits have added another instance to the *Sanders* enumeration: " 'The ends of justice are not served by refusal to consider the merits of the second application when the denial of the first rested on a court's plain errors of law.' " *Bass* at 1207 (quoting *Cancino v. Craven,* 467 F.2d 1243, 1246 (9th Cir.1972)).

Although conceding that he comes under none of these enumerated exceptions to the finality rule, Johnson argues that the effectiveness of his presentation in the previous petition was reduced by his lack of legal advice. He argues further that his lack of understanding of the significance of the court's order dismissing his first petition and his right to appeal that order coupled with his lack of legal advice might lead the court to conclude that his failure to appeal was not deliberate or the result of inexcusable neglect. He concludes that his second petition should be heard on the merits unless the court determines that his failure to appeal was deliberate or inexcusably negligent.

Johnson cites *Bass* as authority for this argument. Bass, like Johnson, had failed to appeal from the dismissal of his first habeas corpus petition. In his second petition he alleged that the district court's dismissal of his first petition was based on plain error. Despite this allegation the district court summarily dismissed Bass' second petition. A panel of this court reversed holding that Bass' showing of plain error in the dismissal of his first petition although not sufficient to require a second determination on the

2. "Rule 9(b) incorporates the judge-made principle governing the abuse of the writ set forth in *Sanders v. United States....*" *Rose v. Lun-* *dy,* 455 U.S. 509, 519, 102 S.Ct. 1198, 1204–05, 71 L.Ed.2d 379 (1982) (quoted in *Bass* at 1206 n. 3).

merits was sufficient to require a hearing to determine whether Bass' failure to appeal was deliberate or an abuse of the writ which "outweigh[ed] the interests of justice commanded by the plain error determination of the merits." 675 F.2d at 1207.

Our decision in *Bass* cannot be read to require a hearing on the deliberateness of every pro se petitioner's failure to appeal and a redetermination of the merits where the failure was excusable. Rather, *Bass* clearly states that even plain error on the part of the trial judge is not sufficient to circumvent the finality doctrine without a showing that failure to appeal that error was the result of excusable neglect.

Although Johnson's failure to appeal may not be deliberate or the result of inexcusable neglect, this question is not relevant to the "ends of justice calculus," *Id.* at 1208, unless Johnson has first met his burden of demonstrating that some flaw in the denial of his prior petition so affected the conduct or outcome of that determination that the ends of justice command a redetermination. *Bailey v. Oliver,* 695 F.2d 1323 (11th Cir.1983). Johnson's showing that his prior petition was filed pro se, that he failed to appeal from its dismissal due to lack of understanding, and that his appeal has some merit [3] does not meet the burden imposed by *Sanders.* The order of the district court is therefore

AFFIRMED.

---

3. We do not suggest that Johnson would have been successful had his appeal been considered on the merits. However, the ends of justice exception will not allow suspension of the finality doctrine whenever the appellate court's conclusion concerning the merits might differ with that of the district court. Such a rule would destroy the finality doctrine and allow the exception to be used as a device to cure a previous failure to appeal long after the time permitted for the appeal had passed. This most definitely would not serve the ends of justice.