**John YOUNG, Petitioner-Appellant,**

v.

**Ralph KEMP, Warden, Georgia Diagnostic and Classification Center, Respondent-Appellee.**

**No. 85–8182.**

United States Court of Appeals,
Eleventh Circuit.

March 19, 1985.

tion.

Bruce S. Harvey, Harvey & Jarnagin, Atlanta, Ga., for petitioner-appellant.

Susan Boleyn, Asst. Atty. Gen., State of Ga., Atlanta, Ga., for respondent-appellee.

Before TJOFLAT, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

Petitioner John Young is a Georgia Death Row inmate. He is making his second habeas corpus appearance in this court. In his first appearance, we affirmed the district court's denial of habeas relief on the merits. *Young v. Zant,* 727 F.2d 1489 (11th Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 1371, 84 L.Ed.2d 390 (1985). In his present petition, petitioner sets forth three claims: first, that the state prosecutor's argument in the sentencing phase of petitioner's trial was so inflammatory as to deny petitioner rights guaranteed by the eighth and fourteenth amendments; second, that petitioner was denied the effective assistance of counsel guaranteed to him by the sixth and fourteenth amendments at the sentencing phase of his trial because his lawyer "failed to present evidence to the effect that petitioner at a very tender age witnessed the shooting death of his mother;" and third, that petitioner's jury at the guilt/innocent phase of his trial was unconstitutionally composed because it consisted entirely of "death qualified" persons.

The district court denied petitioner relief, concluding that all of his claims had been raised and determined (adversely to him) on the merits in his prior federal habeas proceeding and that the "ends of justice" did not require that the court relitigate these claims now. *See* Rule 9(b) of the Rules Governing Section 2254 Cases. The district court also denied petitioner's application for a stay of his execution pending appeal and a certificate of probable cause.

We have heard oral argument on petitioner's application for a certificate of probable cause and a stay of his execution and have considered the *entire* record in this case. We deny petitioner's application for a certificate of probable cause and a stay of his execution, concluding that the district court, for the reasons stated in its memorandum opinion which is attached, properly applied Rule 9(b) in rejecting petitioner's three claims, with one exception. That exception is with respect to petitioner's first claim, concerning the prosecutor's

argument to the jury on the death penalty. As to this claim, we conclude as a matter of law that the claim constitutes an "abuse of the writ" within the meaning of Rule 9(b).

Petitioner's first claim is a brand new claim; he has, a matter of strategy, delayed the presentation of this claim until now. The records of the trial, appellate, and habeas proceedings in the Georgia courts and the first federal habeas proceeding make this clear.

Petitioner, in prosecuting his direct appeal from his conviction to the Georgia Supreme Court, did not make the transcript of the prosecutor's closing argument to the jury at the sentencing phase of his trial a part of the record on appeal. Moreover, he did not assign as error in that appeal prosecutorial misconduct during that closing argument.

In his first state habeas petition, petitioner alleged that his constitutional rights had been violated because the Supreme Court of Georgia did not have before it, in deciding the appeal from his conviction and sentence, the transcript of the prosecutor's argument to the jury. He argued that the Supreme Court had a constitutional obligation sua sponte to incorporate the transcript of the prosecutor's closing argument to the jury in the record on appeal, and that it had violated such constitutional duty (to petitioner) by not doing so and by not considering such argument in passing on the validity of petitioner's death sentence. Petitioner requested the state habeas court to provide him funds to enable him to prosecute his habeas petition, but he did not request the court to give him funds to pay the court reporter for preparing the transcript of the prosecutor's closing argument or, if a transcript could not be produced, to reconstruct the record. Petitioner did not proffer to the state court what prosecutorial misconduct had allegedly occurred during oral argument to the jury. In sum, petitioner's claim, reduced to its essentials, was that the Georgia Supreme Court, by failing to have the prosecutor's argument transcribed and considered on appeal, had denied petitioner his rights under the eighth and fourteenth amendments.

Petitioner's claim was denied, and the Georgia Supreme Court affirmed. Petitioner then raised this claim in his first federal habeas petition. The district court rejected it, and, in his appeal to us, petitioner *did not* question this disposition.

Petitioner, having failed to establish that the state supreme court review without a transcript of closing arguments to the jury was constitutionally defective, now presents a new claim: that the prosecutor erred during his closing argument to the jury. The Georgia courts have refused to entertain this claim, rejecting it as successive. We reject it, as we indicate above, because it constitutes an abuse of the writ as a matter of law. We add in passing that the district court was correct in refusing to convene an evidentiary hearing for the purpose of reconstructing, at this late date— over ten years since petitioner's murder trial, the record to reflect the prosecutor's closing argument in the sentencing phase of petitioner's trial.

With respect to petitioner's third claim, based on *Grigsby v. Mabry*, 758 F.2d 226, (8th Cir. 1985), we reiterate what the district court held, that this circuit has on several occasions rejected this claim on the merits.

For the foregoing reasons, we find without merit petitioner's applications for a certificate of probable and for a stay of his execution and the same are

DENIED.

## APPENDIX

### IN THE UNITED STATES DISTRICT COURT

### FOR THE MIDDLE DISTRICT OF GEORGIA

### MACON DIVISION

JOHN YOUNG, Petitioner,

vs.

RALPH KEMP, Warden, Georgia Diagnostic and Classification Center, Respondent.

CIVIL ACTION 85–98–2–MAC

OWENS, District Judge:

Petitioner John Young, sentenced to death for the 1974 murders of three elderly Macon residents,[1] is before this court on his second petition[2] for habeas corpus relief under 28 U.S.C.A. § 2254 (West 1977). He asserts three claims in support of his contention that his conviction and sentence were obtained in violation of the Constitution and laws of the United States:

1. That the state prosecutor used inflamatory language—language identical to that ruled unconstitutional in subsequent decisions by both the Georgia Supreme Court and the United States Court of Appeals for the Eleventh Circuit—in his closing argument to the jury at the sentencing phase of petitioner's trial.[3]

2. That petitioner received ineffective assistance of counsel at the sentencing phase of his trial in that his appointed counsel, who petitioner alleges was suffering from the effects of drug abuse at the time of trial, failed to present evidence to the effect that petitioner at a very tender age witnessed the shooting death of his mother.

3. That petitioner's jury at the guilt-innocence phase of trial was unconstitutionally composed in that it consisted entirely of individuals who had been "death qualified."

As petitioner concedes, all of these claims have been raised and rejected in prior proceedings. Nevertheless, petitioner argues that the "ends of justice" demand that he be given an opportunity to relitigate these issues in this successive federal habeas corpus proceeding. The respondent has moved to dismiss, arguing that all of petitioner's claims have been rejected on their merits in prior proceedings, and that petitioner's effort to supplement these claims with evidence that could have been presented earlier constitutes an abuse of the writ under Rule 9(b), Rules Governing Section 2254 Cases, 28 U.S.C.A. fol. § 2254 (West 1977). As required by *Potts v. Zant*, 638 F.2d 727, 747 (5th Cir.), *cert. denied*, 454 U.S. 877, 102 S.Ct. 357, 70 L.Ed.2d 187 (1981), an evidentiary hearing on the issue of abuse of the writ was held on March 18, 1985.

*Standings   Governing   Dismissal   for Abuse of the Writ*

Rule 9(b) of the Rules Governing Section 2254 Cases provides:

A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

With respect to claims which have been resolved on their merits against a petitioner in a prior habeas action, relitigation of

---

**1.** The facts of petitioner's case are set forth in *Young v. State*, 239 Ga. 53, 236 S.E.2d 1 (1977), *cert. denied*, 434 U.S. 1002, 98 S.Ct. 648, 54 L.Ed.2d 499 (1977).

**2.** The procedural history of petitioner's case is as follows: Direct Appeal: *Young v. State*, 239 Ga. 53, 236 S.E.2d 1 (1977), *cert. denied*, 434 U.S. 1002, 98 S.Ct. 648, 54 L.Ed.2d 499 (1977). First state habeas: *Young v. Zant*, H.C. No. 4745 (Superior Court of Butts County, October 6, 1980); a certificate of probable cause to appeal was denied by the Georgia Supreme Court. First Federal Habeas: *Young v. Zant*, Civil Action No. 81–308–MAC (M.D.Ga. Sept. 22, 1982), *aff'd*, 727 F.2d 1489 (11th Cir.1984), *cert. denied*, —— U.S. ——, 105 S.Ct. 1371, 83 L.Ed.2d 390 (1985).

**3.** Petitioner alleges that the prosecutor made a so-called *"Eberhart"* argument to the jury. This type of argument is drawn from the nineteenth century Georgia Supreme Court case of *Eberhart v. State*, 47 Ga. 598 (1873). Based on recent death penalty litigation, it seems that some Georgia prosecutors were fond of certain language in that case (see *id.* at 610), and frequently quoted from that decision when arguing to the jury at the penalty phase of trial. Because of the inflamatory nature of that language, the Georgia Supreme Court condemned the practice of quoting from this case. *Hawes v. State*, 240 Ga. 327, 336, 240 S.E.2d 833, 840 (1977). The United States Court of Appeals for the Eleventh Circuit has also ruled that use of the *Eberhart* language deprives a defendant of a constitutionally fair sentencing proceeding. *Potts v. Zant*, 734 F.2d 526, 535–36 (11th Cir. 1984); *Drake v. Francis*, 727 F.2d 990, 996 (11th Cir.1984).

those claims must be allowed when necessary to serve the "ends of justice." *Sanders v. United States,* 373 U.S. 1, 15, 83 S.Ct. 1068, 1077, 10 L.Ed.2d 148 (1963). Factors to be considered under this standard include whether there was a full and fair hearing in the prior proceedings, whether there has been an intervening change in the law, or whether a "plain error" was committed in the prior proceeding. *Potts v. Zant,* 638 F.2d at 740; *Bass v. Wainwright,* 675 F.2d 1204, 1207 (11th Cir.1982). With respect to new or different claims raised for the first time in a successive petition, the abuse of the writ standard provides that a court need not entertain such claims if they were deliberately withheld from presentation in the first proceeding, or if they were omitted for reasons which can be characterized only as "inexcusable neglect." *Potts v. Zant,* 638 F.2d at 740–41; *see also Sanders v. United States,* 373 U.S. at 18, 83 S.Ct. at 1078 (*citing Fay v. Noia,* 372 U.S. 391, 438–40, 83 S.Ct. 822, 848–50, 9 L.Ed.2d 837 (1963) and *Townsend v. Sain,* 372 U.S. 293, 317, 83 S.Ct. 745, 759, 9 L.Ed.2d 770 (1963)).

*Petitioner's Claims*

Petitioner's claim concerning the prosecutor's closing argument at the sentencing phase was raised in his first federal habeas petition. *See Young v. Zant,* Civil Action No. 81–308–MAC (Petitioner's Complaint, Claim "C" at 4). This court denied relief after ruling that petitioner had failed to produce any evidence in support of his claim—the closing argument was not transcribed. Proposed Order of Magistrate at 6, *Young v. Zant,* Civil Action No. 81–308–MAC; adopted by district court by Order dated September 22, 1982. Petitioner apparently abandoned this issue on appeal as the decision of the Eleventh Circuit Court of Appeals affirming the denial of habeas

relief is silent on this issue. *See Young v. Zant,* 727 F.2d 1489 (11th Cir.1984).

Petitioner's claim concerning the effectiveness of counsel at the sentencing phase was also asserted in his first federal habeas complaint. This court denied relief on that claim, and the court of appeals affirmed. *Young v. Zant,* 727 F.2d at 1492–93. In doing so, the court of appeals specifically rejected the contention that petitioner's trial counsel was ineffective because of drug usage. *Id.*

Finally, petitioner's claim concerning his death qualified jury was asserted in his first federal habeas complaint. *Young v. Zant,* Civil Action No. 81–308–MAC (Petitioner's Complaint, Claim "P" at 16). This court, following controlling precedent on this issue, denied relief upon this claim. Proposed Order of Magistrate at 12, *Young v. Zant,* Civil Action No. 81–308–MAC; adopted by district court by Order dated September 22, 1982. Petitioner apparently also abandoned this claim on appeal since the decision of the court of appeals does not discuss this issue. *See Young v. Zant,* 727 F.2d 1489 (11th Cir. 1984).

Petitioner asserts that the ends of justice demand that he be allowed to relitigate these claims in this successive petition. He argues that he now has evidence—a newspaper article[4] which quotes from the prosecutor's closing argument—proving that the prosecutor made an unlawful argument at the sentencing phase of trial. With respect to the effectiveness of counsel's argument, he relies upon an affidavit of trial counsel which states that trial counsel was unaware of petitioner's background and social history. Marchman Affidavit ¶ 9 at 4. As to his claim regarding the death qualified jury, he asserts that the case of *Grigsby v. Mabry,* 758 F.2d 226 (8th Cir. 1985), constitutes "an intervening change in the law,"[5] and that his sentence should be stayed pend-

---

**4.** Petitioner alleges that the *Eberhart* argument was made in his case. He has not produced a trial transcript. However, he bases his claim upon a newspaper article written during the trial in which the prosecutor was attributed with using the phrase "sickly sentimentality"—a phrase contained in the *Eberhart* case. See Exhibit A to Petitioner's Complaint.

**5.** The court in *Grigsby* ruled that individuals which have been death qualified under *Witherspoon* are more "conviction prone" than the average citizen, and thus do not represent a fair

ing resolution of the "split among the circuit courts" by the Supreme Court.

### Conclusions of Law

Petitioner seeks to relitigate claims previously considered and rejected by the federal courts, and he seeks to supplement two of those claims with additional evidence.

Petitioner's claim concerning the death qualified guilt-innocence phase jury presents only an "ends of justice" argument based upon a so-called change in the law. However, the decision of the Court of Appeals for the Eighth Circuit in *Grigsby* does not constitute an intervening change in the law. *Grigsby* does not state the law of this circuit. In its most recent consideration of the issue, the Supreme Court of the United States reaffirmed the · death qualification rules set forth in *Witherspoon*. *Wainwright v. Witt*, —— U.S. ——, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985). This court is without authority to ignore binding precedent on this issue. Petitioner has failed to demonstrate that the ends of justice require relitigation of this claim.

Petitioner's remaining claims involve an argument that "new" evidence requires reconsideration of claims previously found to be conclusory and factually unsupported. To this extent they raise the issue of whether petitioner has abused the writ by failing to assert this evidence in his prior habeas corpus proceedings.

Petitioner asserts that, because the closing arguments were not transcribed, he has heretofore been unable to prove his claim concerning the prosecutor's *"Eberhart"* argument. He alleges that the discovery of the newspaper article discussed in note 4, *supra,* should entitle him to relitigate this claim today.

The *Eberhart* argument was condemned by the Georgia Supreme Court in 1977. *Hawes v. State*, 240 Ga. 327, 336, 240 S.E.2d 833, 839–40 (1977). Petitioner's

first federal habeas complaint was filed in December of 1981. Petitioner therefore should have known of this possible claim for almost *four years* prior to the filing of his first federal habeas complaint. This was more than ample time to discover the newspaper article published at the time of petitioner's trial in 1976. Further, petitioner's trial counsel by affidavit has stated:

> To the best of my knowledge the final arguments were recorded by the court reporter although I do not remember the court reporter's name at this time. It was requested to be made a part of the record, both orally following the trial of the case and my motion for new trial, and in writing at the appropriate times. Therefore it should be available.

Marchman Affidavit, ¶ 13 at 6–7. Nevertheless, petitioner has failed to provide any explanation as to why this recording has not been produced, despite the fact that eight years have elapsed since petitioner should have known that he had a possible claim on this issue. Petitioner's failure to present evidence on this claim in his prior habeas proceeding is inexcusable, and he is not entitled in the interests of justice to further delay in order that he might finally attempt to gather evidence in support of his claim.

Finally, petitioner's claim regarding trial counsel's failure to present allegedly mitigating evidence concerning the death of petitioner's mother similarly should have been presented in the first federal habeas action. Petitioner, himself, certainly could have testified at the sentencing phase regarding the circumstances of his mother's death and his deprived childhood. Moreover, petitioner could have brought these facts to the attention of counsel during the first federal habeas proceedings so that this claim could have been timely presented. The evidence in support of this claim is not "new"; there is no excuse for petitioner failing to assert this evidence in the nine years which have elapsed since petitioner's

---

cross-section of the community. Under *Grigsby,* the jury which resolves the issue of guilt or innocence constitutionally cannot be death qualified. To this court's knowledge, no other Circuit Court of Appeals has followed the *Grigsby* decision.

trial. This court concludes that it would be an abuse of the writ of habeas corpus to allow petitioner to assert this evidence in this successive petition. Moreover, to the extent that petitioner seeks to relitigate the general effectiveness of trial counsel, he has failed to demonstrate why the ends of justice require re-examination of the court of appeals' determination that "[t]he record also fails to support any claim that Marchman's handling of the trial was affected by his drug usage. Marchman presented a vigorous and capable defense." 727 F.2d at 1493.

Accordingly, the court hereby determines that the ends of justice do not require relitigation of claims previously considered on their merits, and that petitioner's failure to present his "new" or "different" evidence in his prior habeas corpus proceedings is inexcusable. Petitioner's successive habeas petition is therefore DISMISSED. Rule 9(b), Rules Governing Section 2254 Cases, 28 U.S.C.A. § 2254 (West 1977) and 28 U.S.C.A. § 2244.

SO ORDERED, this 18th day of March, 1985.

/s/   Wilbur D. Owens, Jr.
Wilbur D. Owens, Jr.,
United States District Judge