Eric V. MACKLIN, Petitioner–Appellant,

v.

Harry K. SINGLETARY, Respondent–Appellee.

No. 92–4173.

United States Court of Appeals, Eleventh Circuit.

June 30, 1994.

Michael Doddo, Plantation, FL, for appellant.

Joni Bruanstein, Atty. Gen., Dept. of Legal Affairs, Miami, FL, for appellee.

Appeal from the United States District Court for the Southern District of Florida.

Before COX and CARNES, Circuit Judges, and WOOD *, Senior Circuit Judge.

CARNES, Circuit Judge:

Eric Macklin, a prisoner of the state of Florida, appeals from the district court's order denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We hold that a court of appeals has the discretionary authority to decide in the first instance an abuse of the writ issue that the district court failed to reach. Exercising that authority, we affirm the denial of habeas relief in this case on abuse of the writ grounds.

## I. BACKGROUND

In 1977, the State of Florida filed a forty-six count information charging Eric Macklin with numerous violent crimes arising out of a number of armed robberies. The counts included robbery, armed burglary with assault, kidnapping, and attempted first degree murder. After a *nolle prosequi* was entered on nine counts, Macklin was tried on eight

* Honorable Harlington Wood, Jr., Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

counts pertaining to two robberies. He was acquitted of one count and was convicted of seven, and received a number of sentences, including three sentences to life imprisonment.

After Macklin had been convicted on seven of the eight counts on which he was tried, the remaining 29 counts of the information were disposed of in a plea bargain: Macklin pleaded guilty to one count of armed robbery, in exchange for which the State dropped the remaining 28 counts. He was sentenced to another life term, to run concurrently to the three life sentences previously imposed.

Macklin appealed his convictions and sentences arising out of the jury trial—but not the plea bargain—arguing that the trial court erred in joining offenses relating to two separate robberies in one trial. Florida's Third District Court of Appeal agreed, reversed Macklin's convictions, and remanded the case for a new trial. *Macklin v. State,* 395 So.2d 1219 (Fla.App.1981). Macklin's conviction on his guilty plea and the resulting life sentence remained. On remand, the State entered a *nolle prosequi* as to all counts for which a new trial had been ordered, and as a result, Macklin stands convicted only of the one count of armed robbery to which he pleaded guilty.

Macklin has challenged that guilty plea conviction in a total of seven state and federal collateral proceedings before this one. Over a period of seven years, he has filed two state collateral proceedings, followed by his first federal habeas proceeding, two more state collateral proceedings, his second federal habeas proceeding, a fifth state collateral proceeding, and then this, his third, federal habeas proceeding. In his first petition for federal habeas relief, Macklin argued that his guilty plea was involuntary because his attorney had failed to explain to him the consequences of his plea, and that he had received ineffective assistance of counsel for that same reason. His first habeas petition was dismissed, because the district court determined that it was procedurally barred from considering the merits of the petition as a result of Macklin having failed to raise the issue in state court in a timely manner. In his second federal habeas petition, Macklin asserted five claims for relief, including that the trial court should not have accepted his guilty plea because it was supported by inadmissible evidence and lacked an adequate factual basis. As to four of the five claims, that second federal habeas petition was also dismissed on procedural bar grounds because the issues had not been timely raised in state court; as to the fifth, the court held that it failed to state a claim upon which relief could be granted.

In this, his third federal habeas petition, Macklin asserted two grounds for relief in the district court. First, he claimed that his plea of guilty to the armed robbery charge (count 24) was involuntary, because he had been misled into believing that he was pleading guilty to an armed burglary with assault charge (count 32), which arose out of a different incident and for which the maximum penalty is less than life imprisonment. Second, he claimed that his transfer from the juvenile system to the trial court denied him due process. The State's answer, in addition to arguing that both claims were meritless, asserted that Macklin's petition should be dismissed because he had not exhausted his state remedies as to the due process argument, and alternatively, because the petition constituted an abuse of the writ.[1] After the State withdrew by concession its exhaustion of state remedies defense, the district court denied relief on the merits of both claims without reaching the abuse of the writ issue.

On appeal, Macklin has abandoned the due process claim, and argues only that the district court erred in failing to hold that his guilty plea was involuntary. The State responds that we should affirm the district court on abuse of the writ grounds as well as

---

1. In his supplemental brief, Macklin argues that we should not concern ourselves with any abuse of the writ questions because the State failed to raise the abuse of the writ issue in the district court properly. We reject that argument. The magistrate judge determined that the State had pleaded an abuse of the writ defense, and the record shows that Macklin thereafter responded to that defense with a written explanation of his position as to why his claims should not be barred by the abuse of the writ doctrine.

on the merits. We ordered supplemental briefing in order to give both parties an opportunity to address the question of whether we should decide the abuse of the writ issue in the first instance and, if so, how we should decide it.

## II. DISCUSSION

### A. THE MERITS OF A HABEAS CLAIM MAY NOT BE REACHED UNTIL ANY ABUSE OF THE WRIT ISSUE HAS BEEN DECIDED

■ The district court failed to address the abuse of the writ argument and instead denied the petition on the merits. Although it will sometimes be easier to skip over an abuse of the writ issue and deny a claim on the merits, since this case left the district court it has become clear that federal courts must resist the temptation to do that. In *Sawyer v. Whitley,* —— U.S. ——, ——, 112 S.Ct. 2514, 2518, 120 L.Ed.2d 269 (1992), the Supreme Court held that, "[u]nless a habeas petitioner shows cause and prejudice, a court *may not* reach the merits of ... new claims, not previously raised which constitute an abuse of the writ, *McCleskey v. Zant,* 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991.)" (Citations omitted; emphasis changed.) After that holding in *Sawyer,* this Court was presented with an appeal in which the district court had done just what the district court in this case did: it had denied the habeas claim on the merits without reaching the abuse of the writ issue. *Jones v. White,* 992 F.2d 1548, 1558, 1565 (11th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 448, 126 L.Ed.2d 381 (1993), and *cert. denied,* —— U.S. ——, 114 S.Ct. 727, 126 L.Ed.2d 691 (1994). We affirmed the denial of the petition, but we did so on abuse of the writ grounds instead of on the merits. *Id.* at 1564–66, 1575. Our *Jones* opinion contains the following admonition:

> We want to be explicit so that an inappropriate signal is not sent to future habeas corpus petitioners or to district courts. We cannot approve and we discourage the review process and procedure that transpired in the district court in McLester's second habeas petition. His second habeas petition should have been denied as

abuse of the writ, and the district court should not have proceeded to a consideration of the merits.

*Id.* at 1566. We reiterate: Where abuse of the writ has been pleaded as a defense to a claim, the district court *must* decide whether the abuse of the writ doctrine bars relief before it decides the claim on the merits.

### B. WHEN PRESENTED WITH AN ABUSE OF THE WRIT ISSUE NOT REACHED BY THE DISTRICT COURT, A COURT OF APPEALS HAS DISCRETIONARY AUTHORITY TO DECIDE THAT ISSUE INSTEAD OF REMANDING IT

We cannot fault the district court in this case for failing to follow the holding in *Sawyer* and our admonition in *Jones,* because they did not exist at the time the district court ruled in this case. Nonetheless, in this appeal we are presented with an unresolved abuse of the writ defense which must be decided before we can give any attention to the merits of the claim in question. We could remand this case to the district court with directions that it decide the abuse of the writ issue. However, the Supreme Court's *McCleskey* decision and our decision in *Jones* establish that an appellate court may, in at least some circumstances, address such an issue in the first instance. *McCleskey* made the cause and prejudice rules of the procedural default doctrine fully applicable to abuse of the writ. *McCleskey v. Zant,* 499 U.S. 467, 494–95, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991). Because that Supreme Court decision worked a major change in abuse of the writ law, the district court and court of appeals had not had an opportunity to apply the new rules to the facts of the *McCleskey* case itself. The Supreme Court could have remanded that case to give the lower courts the first crack at applying the new abuse of the writ law, but the Court chose not to do so. Instead, the Supreme Court itself applied the newly applicable cause and prejudice rules to the facts of that case and held that the claim in question constituted an abuse of the writ. *Id.* at 497–503, 113 S.Ct. at 1472–75.

■ Our own *Jones* decision provides even clearer support for the proposition that we may decide the abuse of the writ issue in the first instance instead of remanding it to the district court. The situation in *Jones* was exactly the same as the one we face now. The district court had skipped over the abuse of the writ issue to deny the claim on the merits. 992 F.2d at 1558, 1565. Instead of remanding the abuse of the writ issue for decision by the district court, this Court decided that issue itself. *Id.* We now hold explicitly that which *McCleskey* and *Jones v. White* established implicitly: a court of appeals has discretion to affirm on abuse of the writ grounds a district court's denial of a habeas petition on the merits.

## C. PRUDENTIAL CONSIDERATIONS THAT BEAR UPON WHETHER A COURT OF APPEALS SHOULD EXERCISE ITS DISCRETIONARY AUTHORITY TO DECIDE AN ABUSE OF THE WRIT ISSUE NOT REACHED BY THE DISTRICT COURT

### 1. The Adequacy of the Record

■ Convinced of our authority to decide an abuse of the writ issue not addressed by the district court, we now turn to prudential considerations in order to decide whether we should exercise that authority in this case. The first and most obvious consideration is whether the record is adequately developed to permit a proper decision on appeal. The record in this case is. The State pleaded Macklin's prior writ history, which he does not deny. After the magistrate judge determined that an abuse of the writ defense had been pleaded, Macklin responded with his written explanation for why the abuse of the writ doctrine should not bar his claims. Neither party has suggested the need for an evidentiary hearing on the abuse of the writ issue, and one would serve no purpose in this case. The record is complete and ready for decision.

### 2. The Applicable Standard of Appellate Review

■ There is another important factor with which a court of appeals should concern

itself before deciding whether to address a non-waived issue for the first time on appeal: the standard of review. We should be more reluctant to address initially an issue that is subject to an abuse of discretion standard of review than an issue subject to a *de novo* standard of review. In affirming a district court decision under the abuse of discretion standard of review, we recently had occasion to explain the difference between that standard and a *de novo* review standard:

> Quite frankly, we would have affirmed the district court had it reached a different result, and if we were reviewing this matter *de novo*, we may well have decided it differently. By definition, however, under the abuse of discretion standard of review there will be occasions in which we affirm the district court even though we would have gone the other way had it been our call. That is how an abuse of discretion standard differs from a *de novo* standard of review. As we have stated previously, the abuse of discretion standard allows "a range of choice for the district court, so long as that choice does not constitute a clear error of judgment." *United States v. Kelly,* 888 F.2d 732, 745 (11th Cir.1989) (citing *Kern v. TXO Prod. Corp.,* 738 F.2d 968, 970–71 (8th Cir.1984) ("The very concept of discretion presupposes a zone of choice within which the trial courts may go either way.")). We believe the district court's decision was within its range of choice, although perhaps not by a wide margin, and that no clear error of judgment has been demonstrated. Therefore, we AFFIRM.

*In re Rasbury v. Internal Revenue Service,* 24 F.3d 159 (11th Cir.1994). Our willingness to address a non-waived and adequately presented issue without the benefit of a ruling by the district court should vary directly with the breadth of the scope of review that we would apply if the district court had addressed the issue. Because our scope of review is narrower and a district court's range of choice broader under the abuse of discretion standard, we should be more reluctant to address in the first instance issues to which that standard of review applies. Only where we can say that any decision but

the one we reach would be an abuse of discretion should we proceed to decide an issue subject to that standard of review without benefit of a decision on the issue by the district court. By contrast, with issues subject to *de novo* review on appeal, our scope of review is at its broadest and our willingness to decide without the benefit of a district court ruling should increase commensurately.

■ Thus, in deciding whether to proceed to decision on the abuse of the writ issue in this case, we should determine whether a ruling by a district court on that issue is subject to review *de novo* or only for abuse of discretion. The *Jones v. White* opinion does not provide the answer to this question. We cannot tell whether the *Jones* Court proceeded to decide the abuse of the writ issue because it believed the issue to be subject to *de novo* review, or because the Court believed that any district court ruling that the abuse of the writ bar did not apply in that case would have been reversed as an abuse of discretion. Lacking explicit guidance from *Jones v. White* on the standard of review question, we proceed to answer it as best we can.

In the past, we have applied the abuse of discretion standard to review of district court rulings on abuse of the writ. *E.g., Darden v. Dugger,* 825 F.2d 287, 292 (11th Cir.1987), *cert. denied,* 485 U.S. 943, 108 S.Ct. 1125, 99 L.Ed.2d 285 (1988). Indeed, that was the standard of review we applied to the district court's ruling in the *McCleskey* case itself. *See McCleskey v. Zant,* 499 U.S. 467, 476, 111 S.Ct. 1454, 1460, 113 L.Ed.2d 517 (1991) ("The Eleventh Circuit reversed, holding that the district court abused its discretion by failing to dismiss McCleskey's *Massiah* claim as an abuse of the writ.") Reviewing for abuse of discretion is only appropriate, however, where the district court had some discretion to exercise, where it had a range of choice in the matter under review. *See United States v. Kelly,* 888 F.2d 732, 745 (11th Cir.1989) ("The abuse of discretion standard has been described as allowing a range of choice for the district court, so long as that choice does not constitute a clear error of judgment."). All of our decisions

applying the abuse of discretion standard of review to abuse of the writ rulings predate the Supreme Court's decision in *McCleskey.* Before that decision, district courts did have a range of choice in dealing with abusive petitions. Under pre-*McCleskey* law, as the Court had stated in *Sanders v. United States,* 373 U.S. 1, 18, 83 S.Ct. 1068, 1079, 10 L.Ed.2d 148 (1963), the principles governing abuse of the writ were "addressed to the sound discretion of the federal trial judges. Theirs is the major responsibility for the just and sound administration of the federal collateral remedies, and theirs must be the judgment as to whether a second or successive application shall be denied without consideration of the merits." So it was three decades ago and up through the time of our own decision in the *McCleskey* case. *McCleskey v. Zant,* 890 F.2d 342, 347 (11th Cir.1989) ("Whether a second or subsequent petition is to be dismissed on abuse of the writ grounds is left to the sound discretion of the district court.") All of that changed with the Supreme Court's *McCleskey* decision which materially altered the doctrinal landscape for abuse of the writ law and in doing so narrowed to the point of extinction the range of choice and the amount of discretion district courts have in ruling on abuse of the writ issues.

■ In *McCleskey,* the Supreme Court replaced the nebulous and discretionary "ends of justice" standard with the more concretely defined cause and prejudice standard borrowed from procedural default law. 499 U.S. at 494–95, 111 S.Ct. at 1470. The "[w]ell-defined" cause and prejudice standard, reasoned the *McCleskey* court, is an objective one which "clarifies the imprecise contours" of the test that the district courts are to apply, and is designed to further certainty and uniformity in application of abuse of the writ law. *Id.* at 496, 111 S.Ct. at 1471. Under the newly applicable standard, a habeas petitioner, in order to excuse the failure to raise a claim earlier, either "*must* show cause for failing to raise it and prejudice therefrom," *id.* at 494, 111 S.Ct. at 1470 (emphasis added), or must show that the fundamental miscarriage of justice exception applies. It is the law of this Circuit that district court decisions applying the cause and prejudice

rules to procedural default issues are reviewed *de novo*. *Hansbrough v. Latta,* 11 F.3d 143, 145 (11th Cir.1994); *Tower v. Phillips,* 7 F.3d 206, 210 (11th Cir.1993). The same standard of review must apply when the identical cause and prejudice rules are applied in an abuse of the writ context. *See McCleskey,* 499 U.S. at 489–91, 111 S.Ct. at 1468 (explaining that the same cause and prejudice rules should apply to both, because "[t]he doctrines of procedural default and abuse of the writ implicate nearly identical concerns flowing from the significant costs of federal habeas corpus review").

■ The *de novo* review standard is also applicable to rulings concerning the fundamental miscarriage of justice exception to the cause and prejudice requirement, because district courts have no discretionary range of choice as to the existence of the exception, either. As the Supreme Court pointed out in *McCleskey,* the exception applies only in "extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime." *Id.* at 493–95, 111 S.Ct. at 1470. *See also Sawyer v. Whitley,* — U.S. —, —, 112 S.Ct. 2514, 2523, 120 L.Ed.2d 269 (1992) (holding that, in capital sentencing cases, the actual innocence exception applies only where the "petitioner has shown by clear and convincing evidence that but for constitutional error, no reasonable juror would find him eligible for the death penalty under [state] law"). Determining whether that narrow exception applies in a particular case does not involve the exercise of discretion.

■ In this post-*McCleskey* era, the abuse of the writ doctrine presents objective, threshold questions involving the application of law to facts. We review district court rulings on such issues not under an abuse of discretion standard, but *de novo.* *E.g., Massaro v. Mainlands Section 1 & 2 Civic Assoc., Inc.,* 3 F.3d 1472, 1475 (11th Cir.1993); *United States v. Alpert,* 989 F.2d 454, 457 (11th Cir.1993); *Cunningham v. Zant,* 928 F.2d 1006, 1016 (11th Cir.1991). Our pre-*McCleskey* decisions applying an abuse of discretion standard of review to abuse of the writ rulings did not survive *McCleskey's* wholesale incorporation of the rules governing procedural default into the abuse of the writ doctrine. The same standard governs

appellate review of the application of those rules in both contexts.

Because the standard of review applicable to abuse of the writ issues is *de novo,* the record is adequate to decide the issue in this case, and the parties have been given an opportunity to address it, we choose to exercise our authority to decide the abuse of the writ issue in the first instance. Remanding the case for a decision on the issue would only further delay the final disposition.

## D. THE CLAIM IN THIS CASE IS BARRED BY THE ABUSE OF THE WRIT DOCTRINE

■ Macklin's sole remaining claim is that his guilty plea was involuntary because he was misled into pleading guilty to one count, when he thought he was pleading to another. He did not raise that claim in his two prior habeas petitions. A habeas court may reach the merits of a claim not raised in a previous petition only if the petitioner establishes both cause and prejudice, or shows that the fundamental miscarriage of justice, or actual innocence, exception applies. *McCleskey v. Zant,* 499 U.S. 467, 494–95, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991). Macklin had an opportunity to proffer cause in the district court and again in his supplemental brief to this Court. He has not done so. Nor does he contend that the fundamental miscarriage of justice/actual innocence exception applies. Instead, in the district court, proceeding *pro se,* he staked his position that the abuse of the writ doctrine did not bar his claim on the fact that the claim had not previously been addressed on the merits. That position is illogical. In order to be barred under the abuse of the writ doctrine, a claim must not have been raised in a prior petition. *See, e.g., McCleskey,* 499 U.S. at 494, 111 S.Ct. at 1470 (holding that part of the government's burden in pleading abuse of the writ is to identify "the claims that appear for the first time"); *McCleskey v. Zant,* 890 F.2d 342, 346 (11th Cir.1989) ("A 'successive petition' is one that raises a claim already adjudicated through a prior petition, while a petition that raises grounds for relief not raised in the prior petition is analyzed as an 'abuse of the writ.'"). The existence of an element essential for application of the doc-

trine cannot be a reason for non-application of it.

■ With the benefit of counsel in this Court, Macklin puts forward a slightly different contention. The abuse of the writ doctrine should not be applied, he says, because neither of his two prior petitions, both of which omitted the present claim, were dismissed on the merits. The magistrate judge found that Macklin's first habeas petition was dismissed with prejudice on procedural default grounds, and that his second habeas petition was denied on procedural default grounds as to four claims and for failure to state a claim as to a fifth claim.[2] Macklin's contention that his first two petitions were dismissed without a determination on the merits of any of the claims he did raise in those petitions is not entirely accurate, because the dismissal of a claim for failure to state a claim for which relief may be granted is a dismissal on the merits. Even if none of Macklin's prior petition claims had been disposed of on the merits, however, that would still not help him. The law does not guarantee every habeas petitioner at least one bite of the merits apple. Stated another way, it is not a prerequisite to application of the abuse of the writ doctrine that the petitioner have had a prior petition adjudicated on the merits instead of having had it denied or dismissed on procedural default grounds. The abuse of the writ doctrine is designed to require a habeas petitioner to present *all* of his claims in a single petition. That purpose, and the many important interests it advances, *see McCleskey,* 499 U.S. at 489–94, 111 S.Ct. at 1468–70, would be ill-served by a rule that a petitioner could abuse the writ with impunity by filing as many petitions as he wished so long as they consisted of procedurally defaulted claims. Such is not the law.

### III.  CONCLUSION

The district court's denial of the petition is AFFIRMED.

---

**2.** The actual order disposing of the second habeas petition is in the record, and it shows that that petition was dismissed instead of denied, a dis-

tinction without a difference for present purposes.