Isaiah T. **FEASTER** Petitioner,

v.

Earl **BESHEARS,** Warden,
et al. **Respondents.**

No. **CIV. HNM–95–2897.**

United States District Court,
D. Maryland.

July 22, 1999.

James Wyda, Federal Public Defender for the District of Maryland and Beth M. Farber, Chief Assistant Federal Public Defender for the District of Maryland, Baltimore, MD, for petitioner.

J. Joseph Curran, Jr., Attorney General of Maryland and Ann N. Bosse, Assistant Attorney General, Criminal Appeals Division, Baltimore, MD, for respondents.

## MEMORANDUM

MALETZ, Senior District Judge.[1]

Isaiah Feaster has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1995), *amended by* Antiterrorism and Effective Death Penalty Act of 1996 (herein AEDPA), Pub.L. No. 104–132, Title I, § 104, 110 Stat. 1218. He alleges a multitude of claims stemming from his 1978 convictions for rape and assault and battery. The government argues that this petition, the fifth of its kind, is abusive and should be dismissed as such.

The court agrees, and for the following reasons denies the petition.

## I. *Procedural History*

The history of this case is long and convoluted; however, a clear understanding of the procedural history is essential to an abuse of the writ determination. Thus, the history must be told.

On August 8, 1978, in the course of one day, in the state of Maryland, Isaiah Feaster was tried in a non-jury trial, convicted and sentenced to a term of life plus twenty years concurrent for the rape and assault and battery of a 76 year old woman. Shortly thereafter, in April of 1979 the Maryland Court of Special Appeals affirmed the conviction, and the Court of Appeals of Maryland denied his petition for a writ of certiorari. Likewise, in March of 1980, the Supreme Court denied his petition for a writ of certiorari, prompting the beginning of a long string of post conviction petitions.

The first state post conviction petition was filed in June of 1980 in the Circuit Court for Prince George's County. However, by letter dated December 10, 1980, Feaster, through fellow inmate Aaron Holsey, advised the court that he wished to withdraw his petition, and was permitted to do so by order dated January 31, 1981. Despite the fact that he had withdrawn his petition, Feaster sought leave to appeal to the Court of Special Appeals alleging, among other things, that the circuit court should have allowed Aaron Holsey to represent him at his post conviction hearing. He was denied leave to appeal due to the fact that his petition had been withdrawn.

Next, Feaster sought relief from this court. He filed his first of five habeas petitions in January of 1982 alleging errors in his state post conviction hearing.[2] By

---

1. Of the United States Court of International Trade, sitting by designation.

2. Judge Ramsey characterized his allegations as follows:

1) denial of motion to compel discovery for use in researching and preparing the case for the post-conviction hearing; 2) denial of evidentiary hearing; 3) denial of due pro-

memorandum and order dated April 28, 1992, this court denied Feaster's petition stating:

> The short answer to each of petitioner's claims is that "it occurred in a state court habeas corpus proceeding, and federal habeas corpus is not available to challenge error which occurred in such a collateral proceeding." Petitioner has not challenged the criminal proceeding that led to his current custody by the state....
>
> Under these circumstances alone, petitioner's request for the issuance of a writ of habeas corpus must be denied.
>
> Even if the matters contested were in fact cognizable under 28 U.S.C. § 2254 petitioner has not exhausted all state court remedies. Petitioner must exhaust all remedies available in state courts before an application for a writ of habeas corpus will be granted.

*Feaster v. Gluckstern*, R–82–445 (April 20, 1982) (citations omitted). The Fourth Circuit denied his certificate of probable cause to appeal and dismissed his appeal based on the district court's reasoning.

Feaster again sought state post conviction relief in the Circuit Court for Prince George's County, alleging a host of errors relating to all aspects of his arrest, trial, sentencing and appeal. Counsel filed an amended petition which was the subject of a hearing before Judge Howard S. Chasanow. Judge Chasanow denied post conviction relief on October 25, 1983. Thereafter, Feaster sought leave to appeal to the Maryland Court of Special Appeals, but such leave was denied. Feaster attempted to file a petition for writ of certiorari in the Court of Appeals of Maryland, but the Clerk of the court returned the petition noting that certiorari review was not avail-

able from the denial of leave to appeal in a post conviction proceeding.

Feaster then filed his second federal habeas petition with this court. This petition was dismissed without prejudice for failure to exhaust his state remedies. However, Judge Ramsey included the following footnote in his memorandum and order:

> The Court also notes that the petition contains claims arising from prior state habeas corpus proceedings. As noted in the petitioner's earlier case, *Feaster v. Gluckstern*, R–82–445 (April 20, 1982), these claims are not cognizable in a federal habeas corpus proceeding. *See Cornell v. Maryland*, 396 F.Supp. 1092, 1094 n. 3 (D.Md.1975).

*Feaster v. Gluckstern*, R–84–1272 (March 3, 1984). Feaster filed a Motion for Reconsideration of this decision, but that too was denied.

On August 27, 1984 a third federal habeas petition was filed in which Feaster alleged that 1) Judge Chasanow had failed to rule on all of his claims; 2) many of petitioner's witnesses were not summoned to the second post conviction hearing; 3) Judge Chasanow misinterpreted important facts and improperly ruled on crucial issues; 4) his assigned public defender was inadequate; and 5) there existed a conflict of interest in his representation by the state public defender's office. This petition was denied for failure to state a claim upon which relief could be granted. Judge Ramsey wrote as follows:

> While petitioner has now apparently exhausted state remedies available to attack his conviction, the instant petition nowhere alleges that petitioner's original criminal conviction was in violation of any federal right. Instead, the instant petition addresses only alleged deficien-

---

cess by not assigning his petition to one judge but many; 4) incompetent post-conviction counsel, because of an alleged conflict in public defender representation; 5) failure of post-conviction court to permit Holsey to act as petitioner's counsel; 6) "denial of timely appeal" by post-conviction

court's failure to respond to petitioner's "supplemental application" of January 22, 1981; and 7) error of Court of Special Appeals in denying leave to appeal.
*Feaster v. Gluckstern*, R–82–445 (April 20, 1982).

cies in the state post-conviction proceedings.

The Court agrees with respondent that allegations of infirmities in the state post-conviction hearing do not provide the petitioner with sufficient grounds for relief under the federal habeas corpus statute....

[A]llegations of error in the state post-conviction proceedings do not by themselves serve as a basis for setting aside an otherwise valid conviction.

Relief is available under § 2254 only on the ground that the person seeking relief "is in custody in violation of the Constitution of laws or treaties of the United States." Because the instant petition does not allege that petitioner's conviction or sentence, pursuant to which he is presently in custody, violated his federal rights, there is no basis for this Court to grant relief.

*Feaster v. Gluckstern*, R–84–3388 (January 15, 1985) (citations omitted).

Feaster's fourth federal habeas petition was filed on March 21, 1985. However, this new petition contained a very different set of allegations. For the first time in a federal habeas petition, Feaster alleged errors occurring during his trial.[3] Judge Ramsey, adopting the report and recommendation of Magistrate Judge Goetz, dismissed this fourth petition without prejudice for failure to exhaust. Magistrate Judge Goetz noted that the petition contained both exhausted and unexhausted claims and found that pursuant to *Rose v.*

*Lundy,* 455 U.S. 509, 519, 520, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), the Court could no longer entertain such "mixed petitions." Judge Goetz instructed that the petitioner could either resubmit the petition with only the exhausted claims, or exhaust the remainder of his claims.

Feaster chose to return to the state courts to exhaust the remainder of his claims. He filed a third state post-conviction petition which was denied and subsequently sought leave to appeal to the Maryland Court of Special Appeals, which was also denied. Thereafter, his petitions for writ of certiorari was denied by the Maryland Court of Appeals.

Finally, in September of 1995, Feaster filed the instant petition.

## II. *Exhaustion*

 A state prisoner seeking federal habeas corpus relief must first present each of his claims to the state courts having jurisdiction over them. *See e.g. Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Rose v. Lundy*, 455 U.S. 509, 515, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). This doctrine of exhaustion is grounded in principles of comity, and provides states with the first opportunity to address and correct alleged violations of state prisoner's rights. *See id.* Therefore, if a petitioner fails to exhaust each of his claims, the petition should be dismissed, and the petitioner may either return to state court to exhaust the claims, or resubmit the petition with

---

**3.** He claimed that 1) he was unlawfully arrested without probable cause; 2) his confession was involuntary; 3) there was no physical evidence to corroborate a charge of first degree rape; 4) there was no identification of the defendant, because the previous identification was inaccurate; 5) there was insufficient evidence to support a rape conviction; 6) the trial judge erred in: a) allowing the witnesses to give contradictory testimony; b) unduly limiting cross-examination; and c) shifting the burden of proof onto the defendant; 7) his sentenced violated the Double Jeopardy clause; 8) the trial judge improperly denied defendant's request for a presentence investigation; 9) counsel was ineffective in: a) not discussing the case with defendant; b) failing to get a postponement in order to obtain an expert witness to analyze physical evidence; c) waiting until defense began its case before determining if the defendant would testify; d) allowing an officer to remain in the courtroom while another officer testified; e) failing to provide a defense expert to refute the government's expert; and f) not requesting a three judge panel to review the sentence; 10) the state courts did not provide fair appellate review; and 11) the public defender's office failed to raise certain issues on appeal.

only the exhausted claims presented. *See Rose*, 455 U.S. at 520, 102 S.Ct. 1198.

■ However, the government, in its responsive pleadings, unconditionally waived any issue of exhaustion. The state stipulated that:

> [F]easter's petition ought not be dismissed for failure to satisfy Section 2254's exhaustion requirement, because, whether or not Feaster has presented each of his instant claims to all appropriate state courts, Feaster no longer has any state direct review or collateral review remedies available to him with respect to the claims raised in this Court.

Supplemental Answer to Petition for Writ of Habeas Corpus and Order to Show Cause (herein Supplemental Answer) p. 55. Such a stipulation, even if erroneous, constitutes an unconditional waiver of the government's right to object to the petition on that ground. *See Praylow v. Martin*, 761 F.2d 179, 182 (4th Cir.1985) n. 2, *cert.denied*, 474 U.S. 1009, 106 S.Ct. 535, 88 L.Ed.2d 466 (1985); *Sweezy v. Garrison*, 694 F.2d 331, 331 (4th Cir.1982), *cert.denied*, 461 U.S. 908, 103 S.Ct. 1882, 76 L.Ed.2d 812 (1983); *cf. Harding v. State of North Carolina*, 683 F.2d 850 (4th Cir.1982)(conditional waivers of exhaustion requirement are not permissible).

■ Furthermore, this court finds that the petition should not be dismissed for lack of exhaustion in that all of Feaster's claims have either been exhausted, or are barred from further review in the state courts. When, as here, further state review is not possible, the claims are considered exhausted; however, the petitioner has the burden of demonstrating "cause" and "prejudice" for failure to fully litigate these issues in the state courts. *See Gray v. Netherland*, 518 U.S. 152 at 161–162, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996); *Coleman*, 501 U.S. at 731–732, 735 n. 1, 111 S.Ct. 2546. If the petitioner is unable to demonstrate such "cause" and "prejudice," he is procedurally barred from raising those claims in his federal habeas petition. *See Gray*, 518 U.S. at 161–162, 116 S.Ct. 2074.

Inasmuch as Feaster no longer has any state review available to him [4], his claims, whether previously considered by a state court or not, have been exhausted.

## III. *Abuse of the Writ*

Having determined that the petition should not be dismissed for failure to exhaust, the court now turns to the issue of abuse of the writ.

### A. The Doctrine of Abuse of the Writ

■ A habeas petitioner may abuse the writ of habeas corpus by raising, in a subsequent petition, new claims which could have been raised in a former petition. *See McCleskey v. Zant*, 499 U.S. 467, 489, 111 S.Ct. 1454, 113 L.Ed.2d 517

---

**4.** Feaster is obviously well outside of the time period for direct review of his conviction and sentence. Former Rule 1012 provides that an application for a writ of certiorari to the Court of Special Appeals must be filed within thirty days of judgment or within thirty days from the denial of a new trial motion, whichever is later. *See* Maryland Rules of Procedure (1978). Additionally, former Rule 812 provides that a writ of certiorari to the Maryland Court of Appeals shall be filed within 15 days from the date the mandate was issued; or within thirty days from the judgment of the circuit court. *See id.* Also under Maryland law, Feaster had the opportunity to collaterally attack his conviction through state post conviction procedures. Prior to July 1, 1986, there was no limit on the number of state post conviction petitions that Feaster could have filed, and between July 1, 1986 and October 1, 1995, Feaster was permitted to file two such petitions with respect to a particular conviction. *See Mason v. State,* 309 Md. 215, 522 A.2d 1344 (1987)(discussing two-petition rule and its effective date). As of October 1, 1995, the Maryland Uniform Post Conviction Procedure Act permits only one petition for post conviction relief to be filed. *See* Md. Code Ann., Art. 27, § 645A(a)(2); 1995 Md. Laws, Ch.110 (amending Article 27, Section 645A so as to provide for a single post conviction petition). Feaster has had two state post conviction petitions decided on the merits, therefore in light of the above-mentioned law, he would not be entitled to file another petition.

(1991). A petitioner is said to have abused the writ if his failure to previously raise the claims was due to either "deliberate abandonment" or "inexcusable neglect." *See id.*

■ This doctrine is aimed at exacting finality of judgments in criminal cases. The Supreme Court noted in *McCleskey* that:

> Neither innocence nor just punishment can be vindicated until the final judgment is known. "Without finality, the criminal law is deprived of much of its deterrent effect." And when a habeas petitioner succeeds in obtaining a new trial, the " 'erosion of memory' and 'dispersion of witnesses' that occur with the passage of time," prejudice the government and diminish the chances of a reliable criminal adjudication.

499 U.S. at 491, 111 S.Ct. 1454(citations omitted). With this consideration in mind, the Supreme Court has determined that a petitioner's failure to raise all of his claims in one petition can only be overcome by a showing of "cause" and "prejudice," as these words have been defined in the context of procedural default cases. *See id.* at 494, 111 S.Ct. 1454. However, federal courts still retain the authority to grant a writ of habeas corpus, despite petitioner's failure to demonstrate cause and prejudice, in extraordinary instances when a constitutional violation has led to the conviction of an innocent person. *See id.* This narrow class of cases has been described as consisting of cases of "actual innocence," *Sawyer v. Whitley*, 505 U.S. 333, 335, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992), or cases involving a "fundamental miscarriage of justice," *McCleskey*, 499 U.S. at 494, 111 S.Ct. 1454.

**B. Burden of Proof**

■ The burden rests with the government to plead abuse of the writ of habeas corpus. The government satisfies this burden, if "with clarity and particularity, it notes petitioner's prior writ history, identifies the claims that appear for the

first time, and alleges that the petitioner has abused the writ." *Id.* Once the government properly pleads abuse of the writ, the burden shifts to the defendant to disprove the abuse. *See id.* As noted above, a petitioner's failure to raise newly presented claims in an earlier petition will only be excused upon a showing of cause and prejudice. *See id.*

■ The *McCleskey* court determined that the same standard used to determine procedural default issues should be employed to determine if there has been an abuse of the writ due to inexcusable neglect. *Id.* at 493, 111 S.Ct. 1454. "In procedural default cases, the cause standard requires the petitioner to show that 'some objective factor external to the defense impeded counsel's efforts' to raise the claim in state court." *McCleskey*, 499 U.S. at 493, 111 S.Ct. 1454 (quoting *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)). Objective factors that constitute cause include: 1) interference by officials; 2) a showing that the factual or legal basis for a claim was not reasonably available; and 3) ineffective assistance of counsel. *See McCleskey*, 499 U.S. at 494, 111 S.Ct. 1454. "Once the petitioner has established cause, he must show 'actual prejudice' resulting from the errors of which he complains." *Id.* (quoting *United States v. Frady*, 456 U.S. 152, 168, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)). If the petitioner is unable to demonstrate both cause and prejudice, the petition is dismissed for abuse of the writ, unless he can show that he is actually innocent of the crime of conviction. *See McCleskey*, 499 U.S. at 494, 111 S.Ct. 1454.

**C. The Instant Petition**

The government adequately pleaded abuse of the writ in both its answer and supplemental answer. With clarity and particularity, the government detailed Feaster's prior writ history, identified the claims that appear for the first time, and alleged abuse of the writ. In response, the petitioner argued in his memorandum in

support of his petition, that his petition was not second or successive because there had not been a determination by a federal court on the merits of any of his prior petitions.

Again, in its response to the petitioner's memorandum of law, the government raised the issue of abuse of the writ. The government also conceded that the AEDPA's amendments to 28 U.S.C. § 2244 did not apply to Feaster, because he had filed his petition prior to the enactment of the AEDPA; however, the government still insisted that the petition be dismissed for abuse of the writ.

The final pleading came in the form of the petitioner's reply to the government's response, and again it addresses the issue of a "second or successive" petition. The petitioner continues to argue that his petition is not successive because no federal court has ever ruled on the merits of the issues presented in the motion. Notably, neither the petitioner's memorandum of law, nor the reply to the government's response, address the issue of abuse of the writ.

The petitioner maintains that he is entitled to have "a federal court review the abbreviated state proceeding that placed him in prison for the rest of his natural life." He further contends that a federal court has yet to make such a determination, in that none of his four previous petitions have been decided on the merits. After careful consideration of the rather extensive record, the court concludes that a prior determination on the merits, although not required, was in fact rendered.

D. Prior Determination on the Merits

■ Initially, the court finds that a determination on the merits of a prior petition is not necessary to an abuse of the writ determination. Although the Fourth Circuit has yet to speak on this issue, other circuits have split on the question. *See Rehbein v. Clarke,* 94 F.3d 478 (8th Cir.1996)(subsequent petition may be deemed abusive even if the prior petition

was not decided on the merits); *Farmer v. McDaniel,* 98 F.3d 1548 (9th Cir.1996), *cert.denied,* 520 U.S. 1188, 117 S.Ct. 1474, 137 L.Ed.2d 686 (1997)("[A]buse of the writ analysis is not foreclosed as a matter of law solely because prior petitions have not been reviewed on the merits."); *Macklin v. Singletary,* 24 F.3d 1307 (11th Cir. 1994), *cert. denied,* 513 U.S. 1160, 115 S.Ct. 1122, 130 L.Ed.2d 1085 (1995)("it is not a prerequisite to application of the abuse of the writ doctrine that the petitioner have had a prior petition adjudicated on the merits"). *But see Dellenbach v. Hanks,* 76 F.3d 820 (7th Cir.1996), *cert. denied,* 519 U.S. 894, 117 S.Ct. 237, 136 L.Ed.2d 167 (1996)(prior determination on the merits of a petition is necessary before a petition may be barred as abusive).

After examining the case law of these circuits as well as that of the Supreme Court, this court holds that an abuse of the writ analysis does not require a determination on the merits of a prior petition. The Supreme Court spoke to this issue in the case of *Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). The Court in *Sanders* discussed both successive petitions and abusive petitions, and found that petitions can only be dismissed as *successive* if:

> (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application.

*Id.* at 16, 83 S.Ct. 1068. The Court then went on to discuss petitions which are *abusive,* Justice Brennan, writing for the Court said:

> No matter how many prior applications for federal collateral relief a prisoner has made, the principle elaborated in Subpart A, supra, [requiring a prior determination on the merits before a petition may be deemed "successive"] *cannot apply if a different ground is*

*presented by the new application.* So too, it cannot apply if the same ground was earlier presented but not adjudicated on the merits. *In either case, full consideration of the merits of the new application can be avoided only if there has been an abuse of the writ or motion remedy;* and this the Government has the burden of pleading.

*Id.* at 17, 83 S.Ct. 1068 (emphasis added). Further, Rule 9(b) of the Rules Governing Section 2254 Cases states:

A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, *if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.*

(emphasis added). This court agrees with the Ninth Circuit's decision in *Farmer* which held that,

By its terms, Rule 9(b) appears to contemplate two possibilities for a dismissal of a second or successive petition: one, if the judge finds that it does not allege new or different grounds and the prior determination was on the merits; the other, if new and different grounds are alleged and the judge finds that the petitioner's failure to assert them in a prior petition was an abuse of the writ.

98 F.3d at 1554, 1555. The first clause of Rule 9(b) does in fact require a prior determination on the merits before a petition can be dismissed, but that requirement only arises in cases in which the *same or similar grounds* are raised in subsequent proceedings, not when *new grounds* are raised. The second clause, addresses *new grounds* and provides for dismissal only after a petitioner is found to have abused the writ. If a prior determination on the merits was necessary for petitions alleging new grounds, the rule would so indicate as it does in the first clause when discussing petitions that allege the same grounds. To read the rule in any other way is to distort the English language to create a prerequisite to the abuse of the writ doctrine that does not exist. This rule, coupled with the language of the Court in *Sanders,* makes clear that a prior determination on the merits is not necessary to an abuse of writ determination.

As noted in *Macklin,* "The abuse of the writ doctrine is designed to require a habeas petitioner to present all of his claims in a single petition." 24 F.3d at 1314. This court agrees with the *Macklin* court's finding that such purpose would be ill-served were every petitioner permitted to file as many petitions as he wished "so long as they consisted of procedurally defaulted claims," that could not be dismissed on the merits. *Id.* Allowing petitioners such latitude flies in the face of the abuse of writ doctrine and it's quest for finality of judgments. In short, this court finds that a subsequent habeas petition can be dismissed for abuse of the writ even if none of petitioner's prior petitions have been decided on the merits.

However, the above discussion becomes little more than academic when coupled with the finding that Feaster has had a previous petition decided on the merits. Therefore, even if we were to read Rule 9 as requiring a determination on the merits, that requirement would be met, because Feaster's third federal habeas petition was denied on the merits.

 In response to the third petition, Judge Ramsey denied the petition holding that, "allegations of infirmities in the state post-conviction hearing do not provide the petitioner with sufficient grounds for relief under the federal habeas corpus statute." *Feaster v. Gluckstern,* R–84–3388 (January 15, 1985). The denial of a § 2254 for failure to state a claim upon which relief could be granted, constitutes a finding on the merits. *See Williams v. Armontrout,* 855 F.2d 578, 580 (8th Cir.1988); *Bass v. Wainwright,* 675 F.2d 1204, 1206 (11th Cir. 1982).

Given this background, application of the abuse of the writ doctrine is warranted, because: 1) the doctrine does not require a determination on the merits; and 2) even if a determination was required, one was made. Having decided that the doctrine applies, the question then becomes whether Feaster has in fact abused the writ.

■ As noted above, Feaster has not provided any explanation for his failure to include these new allegations of trial errors in any of his first three petitions, each of which solely focused on errors in the state post-conviction proceeding. In each of Judge Ramsey's dismissals of Feaster's first two petitions, he stated that the petition was dismissed for failure to exhaust, but noted that the claims presented involved allegations of error in a state post-conviction proceeding and therefore were not cognizable under § 2254. However, Feaster persisted with those claims in his third petition at which time Judge Ramsey denied the petition for failure to state a claim. It was only then that Feaster filed a federal habeas alleging trial errors. Again, Feaster had failed to exhaust, and his petition was dismissed.

Against this background, the court is hard pressed to find that Feaster has demonstrated cause and prejudice for failing to raise these claims of trial error in a prior petition. The allegations in this petition date back to Feaster's 1978 trial, and although the trial process may have been flawed, there is nothing in the record to suggest that Feaster was ignorant of the errors he alleges at the time he filed any one of his first three petitions. In fact, Feaster's first state post-conviction petition, filed in 1980, contains several of the same claims he now alleges, indicating that he had knowledge of these alleged trial errors, but intentionally withheld them from his federal habeas petitions until now.

When, as here, petitioner's response to an allegation of abuse of the writ is completely inadequate, "the court may dismiss the petition without further proceedings." *McCleskey*, 499 U.S. at 482, 111 S.Ct. 1454 (quoting *Price v. Johnston*, 334 U.S. 266, 292, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948)). *McCleskey* further instructs that when, "a petitioner 'present[s] adequate reasons for not making the allegation earlier,'" only then must a hearing be held to further examine petitioner's reasons. *Id.*

In view of the law governing abuse of the writ, and Feaster's inadequate response to the allegation of abuse, the court finds that he has in fact abused the writ by failing to present the newly alleged claims in a prior petition. Based on this finding, the court may not reach the merits of the claims unless Feaster can show that he is actually innocent of the crime of conviction.

## IV. *Actual Innocence Exception*

■ The "actual innocence" exception, also known as the "fundamental miscarriage of justice" exception, is reserved for extraordinary cases in which "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 495, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). When such a fundamental miscarriage of justice has occurred, "a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Id.* at 496, 106 S.Ct. 2639. The Supreme Court expounds on the *Carrier* standard in *Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

In *Schlup*, the Court instructs that the actual innocence exception seeks to "balance the societal interests in finality, comity and conservation of scarce judicial resources with the individual interest in justice that arises in the extraordinary case." 513 U.S. at 324, 115 S.Ct. 851. This goal is attained by imposing upon petitioners a rather stringent burden of proof, but not an impossible one. *See Id.* at 324–327, 115 S.Ct. 851. The *Carrier* standard, as explained by the Court in *Schlup*, first requires a petitioner to show

"new evidence of innocence." *Id.* at 316, 115 S.Ct. 851. The Court states:

> Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim. However, if a petitioner such as Schlup presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claim.

*Id.*

Secondly, the petitioner must demonstrate that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327, 115 S.Ct. 851. According to *Schlup*, the focus of the inquiry should be on "actual innocence," 513 U.S. at 327, 115 S.Ct. 851, and the court should look to all relevant evidence, regardless of whether it was "excluded or unavailable at trial." *Id.* at 328, 115 S.Ct. 851. Finally, this standard "does not merely require a showing that a reasonable doubt exists in light of the new evidence, but rather that no reasonable juror would have found the defendant guilty." Undoubtedly this is a stringent burden, and the court finds that the petitioner has failed to meet it.

Applying the *Carrier* and *Schlup* standard to the instant case, it quickly becomes clear that Feaster has not made the proper showing. First, he simply fails to present the court with any new evidence of innocence. In his petition, Feaster claims that he can demonstrate "a fundamental miscarriage of justice would result from a failure to entertain his claim." He notes that he alleges several constitutional errors with his trial and claims that these errors call into question his innocence, yet he does not provide the court with any new evidence of his innocence. As *Schlup* directs, the court is not to reach the merits of the constitutional claims unless the petitioner first demonstrates new evidence of actual innocence. 513 U.S. at 316, 115 S.Ct. 851. This fundamental flaw alone is fatal to Feaster's actual innocence claim.

Furthermore, the overwhelming evidence presented at trial was more than sufficient to sustain a conviction for first degree rape. The evidence included: 1) a confession by the defendant that he did in fact enter the victim's apartment, without her permission, and engaged in a conversation with her on her bed in which she allegedly asked him to have intercourse with her; 2) the victim's testimony that she woke up to a man in her bed and that he penetrated her with his penis; 3) the treating doctor's testimony that the victim had a 2–3 inch laceration inside of her vagina which was most likely made with a sharp object such as a knife; 4) the victim's "union suit" (one piece sleepwear) that was cut open in between the legs and soaked with blood; 5) a knife found underneath the victim's bed; 6) an expert's testimony that Negroid hairs were found on the victim's bed clothes and pajamas; 7) telephone records indicating that calls were made from the victim's apartment to New York City just prior to the attack and; 8) the defendant's admission that he made those calls.

This overwhelming evidence of guilt, coupled with Feaster's failure to present any new evidence of innocence precludes a finding of actual innocence. In turn, the court is thus prevented from reaching the merits of his petition.

For the foregoing reasons the petition is denied.

## ORDER

For the reasons set forth in the accompanying memorandum, it is ordered this 22nd day of July, 1999:

1) that the motion seeking to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be denied; and

2) that a copy of this memorandum and order be sent to the parties.