[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11169
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cv-02477-VMC-EAJ


KENNAN G. DANDAR,
DANDAR & DANDAR, P.A.,

                                        Plaintiffs - Appellants,


versus

CHURCH OF SCIENTOLOGY FLAG SERVICE ORGANIZATION, INC.,
F. WALLACE POPE, JR.,
Wally,
JOHNSON POPE BOKOR RUPPEL & BURNS L.L.P.,

                                        Defendants - Appellees,

ROBERT V. POTTER, JR., et al.,

                                        Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 19, 2013)

Before PRYOR, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Kennan Dandar and his law firm, Dandar & Dandar, P.A. (together, Dandar), appeal the district court's partial dismissal of Dandar's claims against the Church of Scientology Flag Organization and some of its leaders (together, the Church) and stay of the portion of the case the court did not dismiss. He also appeals the district court's denial of leave to amend his complaint for a third time. For the reasons that follow, we affirm the district court's denial of leave to amend but vacate the court's dismissal and stay and remand for further consideration.

In 1997, Dandar undertook representation of the Estate of Lisa McPherson in a wrongful-death case against the Church in a Florida court. That case ultimately resulted in a settlement, and, as part of the settlement agreement, Dandar agreed to refrain from "any adversarial proceedings of any description against the [Church] under any circumstances at any time." Years later, however, Dandar filed another wrongful-death case against the Church, this time representing the Estate of Kyle Brennan in federal court. The Church filed a motion in the McPherson case to enforce the settlement agreement, which Dandar contested. The disagreement between Dandar and the Church in the McPherson case is ongoing and has resulted in attorney's fees and costs taxed against Dandar. Consequently, Dandar filed the instant suit in federal court seeking equitable relief

2

under the Declaratory Judgment Act (Count 1) and equitable and monetary relief under 42 U.S.C. § 1983 (Count 2). Upon the Church's motion, the district court dismissed Count 1 and the equitable portion of Count 2 under the abstention doctrine articulated in *Younger v. Harris*, 401 U.S. 37 (1971). Although the court denied the Church's motion to dismiss with respect to Dandar's claim for damages in Count 2, it stayed the remainder of the proceeding pending the outcome in the state case. And the court denied Dandar's request for leave to amend his complaint to add a cause of action under 42 U.S.C. § 1985(2). This is Dandar's appeal.[1]

"We review a *Younger* abstention decision for an abuse of discretion." *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004). The district court, in applying the *Younger* abstention doctrine, relied on a three-part test derived from the Supreme Court's decision in *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432-37 (1982). Very recently, however, the Supreme Court clarified that these three factors are "not dispositive; they [are], instead, *additional* factors appropriately considered by the federal court before invoking *Younger*," which itself sets forth only three limited circumstances in

---

[1] The district court's order is final and appealable. Dandar's reason for this suit is to stop proceedings in the McPherson case he alleges violate his rights under the Constitution. If he cannot appeal the propriety of the state court's actions until those proceedings are complete, then he is "effectively out of court" on his constitutional challenge. *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1165 (11th Cir. 2007); *see Miccosukee Tribe of Indians v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1195 (11th Cir. 2009) ("Ordinarily a party is 'effectively out of court' when a federal court stays its hand pending the conclusion of related state court or state administrative proceedings."). We consider an order final and appealable when it renders a party "effectively out of court" with respect to its federal claim. *King*, 505 F.3d at 1165-66.

which abstention is appropriate. *Sprint Commc'ns, Inc. v. Jacobs*, No. 12-815, 571 U.S. __, 2013 WL 6410850, at *8 (Dec. 10, 2013) (emphasis in original). If a district court in its discretion decides none of these circumstances is present, *Younger* abstention is inappropriate regardless of what the *Middlesex County* factors indicate. *See id.* Because the district court did not have the benefit of this guidance, and "[b]ecause the abuse of discretion standard is designed to provide deference to the decisions of a district court, [we] will remand this issue to the district court for consideration in the first instance." *Peer v. Lewis*, 606 F.3d 1306, 1313 (11th Cir. 2010); *see McKusick v. City of Melbourne, Fla.*, 96 F.3d 478, 489 n.7 (11th Cir. 1996) (explaining that, when a decision is committed to the discretion of the district court and the court does not address a particular legal point, "the more appropriate course is for us to allow the district court the opportunity to address that matter in the first instance."); *see also Macklin v. Singletary*, 24 F.3d 1307, 1311 (11th Cir. 1994) (same).

With respect to Dandar's motion to amend his complaint to add a 42 U.S.C. § 1985(2) claim, we review for an abuse of discretion the district court's refusal to permit Dandar to amend. *Tampa Bay Water v. HDR Eng'g, Inc.*, 731 F.3d 1171, 1178 (11th Cir. 2013). Section 1985(2) proscribes conspiring to "deter, by force, intimidation, or threat, *any party or witness* in any court . . . from attending such court, or from testifying to any matter pending therein, . . . or to injure such party

4

or witness . . . , or to influence the verdict, presentment, or indictment of any grand or petit juror . . . ." (emphasis added). Dandar sought to amend his complaint to allege that, in filing a motion in the McPherson case to enforce the settlement agreement, the Church conspired with the state court to deter him from representing the Brennan estate against the Church. The district court, finding Dandar was not a "party or witness" in the Brennan case, concluded amendment to include a § 1985(2) claim would be futile. Dandar contends he was an agent of the parties to the Brennan case, so he should fall within the scope of the statute. But, as the district court noted, he has no support for this proposition, and the plain language of § 1985(2) belies this reading. He also contends the statute's use of the term "presentment" indicates that it extends to attorneys — because only attorneys may present cases before a court — but that language does not alter the statute's protection only of a "party or witness" to a case. Accordingly, the district court did not abuse its discretion in denying Dandar's motion for leave to amend.

For the foregoing reasons, the district court's disposition of Counts 1 and 2 of Dandar's second amended complaint is vacated and remanded for reconsideration in light of *Sprint Communications, Inc. v. Jacobs*, No. 12-815, 571 U.S. __, 2013 WL 6410850 (Dec. 10, 2013). The district court's denial of Dandar's motion for leave to file a third amended complaint is affirmed.

**AFFIRMED in part, VACATED and REMANDED in part.**